**Willette L. KOLSTER, Petitioner,**

v.

**CITY OF EL PASO, Respondent.**

No. 96–1246.

Supreme Court of Texas.

Argued Oct. 9, 1997.

Decided June 5, 1998.

Rehearing Overruled Aug. 25, 1998.

Dudley R. Mann, El Paso, for Petitioner.

David C. Caylor, John D. Gates, El Paso, for Respondent.

ENOCH, Justice, delivered the opinion of the Court, in which GONZALEZ, BAKER, ABBOTT, and HANKINSON, Justices, join.

As we explained today in *City of Amarillo*

---

**30.** 378 F.2d 832, 839 (2d Cir.1967).

*v. Martin,*[1] to recover damages resulting from the emergency operation of an emergency vehicle, a plaintiff must show that the operator has committed an act that the operator knew or should have known posed a high degree of risk of serious injury—in other words, that the operator has acted recklessly.

We granted writ of error in this case because, like *Martin,* it presented the question of how culpable a municipal employee's acts must be in operating an emergency vehicle in an emergency situation before a municipality should answer in damages for injury caused by the employee. As in *Martin,* the trial court in this case erroneously determined that negligence was the correct standard. Unlike the City of Amarillo in *Martin,* however, the City of El Paso here did not object to the jury charge on grounds that negligence was not the correct standard. Likewise, neither the City's motion for directed verdict nor its motion for judgment *non obstante veredicto* raised this issue.

Willette Kolster argues that the court of appeals erred in holding that she did not raise a fact issue regarding the negligence of ambulance driver Dawn Sloan. Because the City did not preserve error on the question of what standard of culpability the trial court should have applied to Sloan's actions, we are bound to review Kolster's challenge under the standard submitted to the jury—simple negligence.[2] Therefore, we must address only one question: whether the court of appeals erred in holding that Kolster presented no evidence raising a fact issue regarding whether Sloan operated her ambulance negligently while responding to an emergency call.[3]

Kolster's claim for recovery based on a finding of negligence survives a "no evidence" review. Uncontroverted evidence showed that Sloan was not wearing corrective lenses at the time of the accident, in violation of a restriction on her driver's license. Sloan did introduce evidence showing that she does not need glasses for driving. Further, she testified that she was not given a vision test when she received the license that she held at the time of the accident. But, Sergeant James Moorman, a twenty-year veteran of the Department of Public Safety and director of an El Paso driver's license office, testified that a vision test is *always* given to driver's license applicants to determine whether the applicant has 20/40 vision without corrective lenses, and he confirmed that the purpose of the vision test is to ascertain whether the applicant can drive safely without corrective lenses. In light of the contradictory evidence, we cannot conclude that no evidence supports the jury's finding that Sloan was negligent.

Kolster also asserted that Sloan's failure to wear glasses was negligence *per se.*[4] We have held that the unexcused violation of an ordinance could constitute negligence as a matter of law if the ordinance was designed to prevent injury to the class of persons to which the injured party belongs.[5] Because we conclude that Kolster otherwise produced some evidence of negligence in this case, we need not reach the negligence *per se* issue.

We reverse the judgment of the court of appeals and remand the cause to the trial court to render judgment in accordance with this opinion.

PHILLIPS, Chief Justice, and SPECTOR, Justice, concur in the judgment only.

HECHT, Justice, filed a dissenting opinion, in which OWEN, Justice, joined.

HECHT, Justice, joined by OWEN, Justice, dissenting.

Willette Kolster sued the City of El Paso for damages sustained when the car she was driving collided with an ambulance driven by

---

1. 971 S.W.2d 426 (Tex.1998).

2. *See Sage Street Assoc. v. Northdale Constr. Co.,* 863 S.W.2d 438, 447 (Tex.1993); *Larson v. Cook Consultants, Inc.,* 690 S.W.2d 567, 568 (Tex. 1985).

3. 931 S.W.2d 365, 370.

4. *See* TEX. TRANSP. CODE § 521.221(c) (driving a motor vehicle in violation of a license restriction is a misdemeanor criminal offense).

5. *See El Chico Corp. v. Poole,* 732 S.W.2d 306, 312 (Tex.1987).

Dawn Sloan en route to an emergency. A jury found both drivers negligent and apportioned responsibility for the accident fifty-five percent to Sloan and forty-five percent to Kolster. This finding notwithstanding, the City contends that its governmental immunity from liability has not been statutorily waived unless Sloan operated the ambulance in "reckless disregard for the safety of others" or without "due regard for the safety of all persons using the highway".[1] In other words, even if Sloan was negligent, as the jury found, the City argues that it is still not liable to Kolster unless Sloan acted either with reckless disregard or without due regard for others' safety. The Court would agree with this contention, as it has in another case decided today, *City of Amarillo v. Martin*,[2] but for its conclusion that "the City did not preserve error".[3] The Court does not explain the basis for its conclusion, and unfortunately, we do not know what the City's view is on the subject because until now, no one has ever raised the issue. Kolster has never argued that the City failed to preserve its position, not in the district court, the court of appeals, or this Court, and so the City has never had an opportunity to respond to it. Given the thoroughness of Kolster's briefing, the most probable explanation for her failure to make the argument the Court seizes on is that the argument is completely devoid of any merit, as I think I can demonstrate. I should not have to do so. It is no more my place to make up arguments for the City than it is the Court's place to make up arguments for Kolster. But since the Court does not intend to afford the City a chance to argue preservation of error for itself, I shall attempt to set out what the record shows.

The City pleaded governmental immunity as follows:

Defendant City's employee, Defendant Sloan, was operating an emergency vehicle on an emergency call on the day in question in compliance with the laws applicable to such emergency action, Art. 6701d(24) and (75), Tex. Civ.Rev.Stat. As such, § 101.055 of the [Tort Claims] Act preserves governmental immunity for Defendants. Therefore, Defendant City claims the defense of governmental sovereign immunity.

The language of the three statutes mentioned, which I have quoted in the margin,[4] differs somewhat, but their effect is to waive governmental immunity for damages caused by an emergency vehicle operated without due regard—that is, with conscious indifference or reckless disregard—for others' safety. The City's position at trial was that there was no evidence that Sloan was driving the ambulance without due regard for the safety of others, and therefore it was immune from liability as a matter of law. Accordingly, the City did not object to the jury being asked whether it was negligent. Whatever the jury's answer to that question, the City contended that its immunity was established. Thus, after the verdict was returned, the City moved for a new trial and for judgment *non obstante veredicto*, explaining:

Defendant respectfully submits that the uncontroverted evidence conclusively proved that Defendant's employee was operating an emergency vehicle in response to an emergency call, the emergency vehicle's emergency lights and sirens in operation on the day of the accident and that the vehicle came to a complete stop prior to

---

1. TEX. CIV. PRAC. & REM.CODE § 101.055(2) (governmental immunity is not waived for "a claim arising ... from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others"); TEX. TRANSP. CODE § 545.156(b) (formerly TEX.REV CIV. STAT. ANN art. 6701d, § 75(b) (Vernon 1977)) ("[T]he operator of an authorized emergency vehicle [is not exempted] from the duty to drive with due regard for the safety of all persons using the highway.");

*see also* TEX. TRANSP. CODE § 546.005 (formerly TEX.REV.CIV. STAT. ANN art. 6701d, § 24(e) (Vernon 1977)) ("[T]he operator of an authorized emergency vehicle [is not relieved] from: (1) the duty to operate the vehicle with appropriate regard for the safety of all persons; or (2) the consequences of reckless disregard for the safety of others.").

2. 971 S.W.2d 426 (Tex.1998).

3. *Ante* at 59.

4. *See supra* note 1.

entering the intersection on a red light. The uncontroverted evidence established that the operator of the emergency vehicle exercised due care by proceeding through the intersection very slowly at 5–10 mph while keeping a proper lookout for the traffic at the intersection. Such action was in accordance with § 101.055(2) and Tex. Rev.Civ. Stat. 6701d(24).

* * *

Therefore, Defendant submits that this Court should find that Defendant was immune from liability as a matter of law.

The district court denied the City's motions and rendered judgment on the verdict. In the court of appeals, the City asserted a single point of error:

> The trial court erred in refusing to grant appellant's motions for instructed verdict, judgment notwithstanding the verdict, and for new trial because the evidence is legally and factually insufficient to overcome the appellant's statutory immunity.

Referring to the statutes mentioned in its post-judgment motions, the City argued:

> Clearly, the portions of the statutes cited above exempts a municipality from liability when one of its employees is responding to an emergency situation, and such response allows the emergency vehicle to disregard traffic laws to the extent the driver maintains "due regard" for the safety of others.

After reviewing the evidence in detail, the City summarized its position: "there were no facts presented below that would overcome that immunity."

Given the clarity of the City's position, Kolster understandably did not contend in the court of appeals that the City was not arguing immunity despite negligence, or that it had failed to preserve its argument in the trial court. The court of appeals clearly understood the City's position:

> In this appeal, the City urges that it was entitled to judgment because it proved, as a matter of law, compliance with the relevant statutory provisions requiring that an emergency vehicle driver exercise "due regard for the safety of all persons." The City claims that under these facts, plaintiff could not defeat its affirmative defense of sovereign immunity.[5]

The court then reasoned: "In order to determine whether the City was entitled to a directed verdict, judgment n.o.v., or new trial, we must determine whether some evidence, more than a scintilla, supports a conclusion that the ambulance driver was not acting with due regard for the safety of others."[6] Observing that "[e]vidence on this issue is not overwhelming", and "[a]fter reviewing the entire record, viewing what was presented in the light most favorable to the jury's verdict," the court concluded that there was not "legally sufficient evidence of lack of due regard (or lack of ordinary care, for that matter). There was simply no showing that the ambulance driver did anything but proceed with due regard in compliance with applicable laws."[7]

If the City were allowed to address the Court's preservation argument, it might point to other parts of the record in its support, but from the portions of the record I have cited and the court of appeals' opinion, it seems quite clear that the City has preserved its immunity-as-a-matter-of-law argument. The Court offers no support for its contrary conclusion.

Although the court of appeals explicitly reviewed the evidence of "due regard", the Court inexplicably states: "we must address only one question: whether the court of appeals erred in holding that Kolster presented no evidence raising a fact issue regarding whether Sloan operated her ambulance *negligently* ".[8] This plainly mischaracterizes the court of appeals' decision. The court of appeals' holding was that there was no evidence that Sloan operated the ambulance without due regard for others' safety. That holding was the basis for the court's determination that the City had established immunity as a

---

5. 931 S.W.2d at 367.

6. *Id.* at 370.

7. *Id.*

8. *Ante* at 59 (emphasis added).

matter of law. The "one question" the Court poses—evidence of negligence—was mentioned only incidentally by the parties and the lower courts, and the one question they all addressed—evidence of lack of due regard—the Court completely ignores.

The Court should address the issue, just as it has today in *Martin*, and resolve it on the merits. The City has not argued that due regard means not reckless. Without specifying the applicable standard, the City argues simply that there was no evidence that Sloan operated the ambulance without due regard for others' safety. Like the court of appeals, this Court cannot determine whether there was evidence that Sloan drove with a lack of due regard for others' safety without deciding what "due regard" means. Having held in *Martin* that lack of due regard means recklessness, the Court should apply that standard in this case.

The material facts regarding Sloan's operation of the ambulance are essentially undisputed. Dispatched to an emergency about 5:00 p.m. on a Thursday in February, Sloan activated the vehicle's emergency lights and siren and headed north on a four-lane street in heavy rush-hour traffic. When she came to an intersection with another four-lane street, she changed the pitch of the siren to "yelp" mode and stopped at a red light to allow traffic to clear the intersection. After traffic had cleared, and while the light remained red, Sloan started through the intersection. Kolster, who was driving eastward, never saw or heard the ambulance until the instant before she collided with it.

Sloan's driver's license, renewed seven months earlier, showed that Sloan was restricted to driving with corrective lenses. Her license before the renewal was not so restricted, and after the accident she was issued another license without the restriction. Sloan testified without contradiction that she did not need glasses to drive, that she used them only for reading, and that when she applied for renewal of her driver's license, the clerk did not test her vision but asked her if she wore glasses, to which she replied yes. Kolster's expert testified that a vision test is never waived in renewing a driver's license.

It is true that, with certain exceptions not applicable here, the law requires a vision test for renewal of a driver's license.[9] But there is no direct evidence that the requirement was actually adhered to when Sloan obtained her renewal license, and she testified that her vision was not tested. Moreover, the undisputed evidence is that her license prior to renewal was not restricted, and that she was issued a license shortly after the accident with the restriction removed. The court of appeals concluded that the "uncontroverted evidence [was] that this restriction was a mistake".[10] Even if Sloan's denial that she was tested and the subsequent issuance of an unrestricted license are both disregarded, there is still absolutely no evidence that the accident was in any way due to Sloan's failure to wear glasses. Kolster did not enter the intersection until after Sloan did, and there is no evidence that the accident would not have occurred if only Sloan had worn glasses. While operating a vehicle in violation of a license restriction is a misdemeanor,[11] it does not show lack of due regard when the accident was unrelated to the violation.

After carefully reviewing the record, the court of appeals summarized:

> We cannot conclude that this evidence amounts to more than a scintilla supporting the jury's conclusion that the City was 55 percent negligent in causing the accident in question. We do not believe this amounts to legally sufficient evidence of lack of due regard (or lack of ordinary care, for that matter). There was simply no showing that the ambulance driver did anything but proceed with due regard in compliance with applicable laws. This court is always reluctant to overturn the decision of a jury, but here we are left with the strong conviction that there was simply

9. TEX. TRANSP. CODE § 521.273; 37 TEX. ADMIN. CODE § 15.59 (1997).

10. 931 S.W.2d at 370.

11. TEX. TRANSP. CODE § 521.221(c).

no evidence to support their findings against the City.[12]

The court of appeals' conclusion was correct and should be affirmed.

Instead the Court reverses the judgment of the court of appeals and renders judgment for Kolster based on an argument Kolster never raised, the lower courts never addressed, and the City has never been given an opportunity to rebut. I respectfully dissent.