**James Michael HALE, Appellant,**

v.

**Debora PENA, Individually and As Next Friend of Amanda Pena, Appellee.**

**No. 2–99–018–CV.**

Court of Appeals of Texas, Fort Worth.

May 20, 1999.

Rehearing Overruled June 24, 1999.

Mason & Boudloche, L.L.P., Paul Boudloche, Kandi Isaacs, Fort Worth, for Appellant.

Law Offices of James M. Stanley, James M. Stanley, John R. Burton, Fort Worth, for Appellee.

Panel A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

This suit arises out of an automobile collision involving an on-duty police officer responding to an emergency call. Police Officer James Michael Hale appeals the denial of his motion for summary judgment. He argues that he is immune from suit under the doctrine of official immunity, and that he is immune from liability because at the time of the collision, he drove the emergency vehicle in compliance with Chapter 546 of the Texas Transportation Code. Because we find that Officer Hale failed to establish either of the affirmative defenses as a matter of law and that genuine issues of material fact exist, we affirm the trial court's order denying summary judgment.

## BACKGROUND

On the afternoon of May 1, 1996, Fort Worth Police Officers James Hale and John Ost were dispatched to a "priority one" emergency call because of a residential silent panic alarm.[1] With Officer Hale

---

1. A "priority one" authorizes the responding police unit to respond with emergency equip-

driving, they went east on East Rosedale toward the location of the emergency alarm with lights and sirens on.

At the same time, Debra Pena and her daughter were in a vehicle traveling south on South Collard. At the intersection of South Collard and East Rosedale, Ms. Pena stopped at a red light and waited for her light to turn green. Once her light turned green, Ms. Pena did not immediately start through the intersection because a pedestrian had not finished crossing the street in front of her car.

Officer Hale's summary judgment affidavit states that as his car approached the intersection of South Collard and East Rosedale, he slowed to check the intersection for traffic, saw Pena's car stopped at the intersection although she had the green light, that he made eye contact with her, and that he concluded she was still stopped at the light because she was yielding to him. According to Officer Hale's affidavit, he relied on those perceptions and decided to proceed through the intersection despite facing a red light. When Officer Hale's car entered the intersection, Pena's car was already in it and was hit by the officer's car.

An accident report was completed by Fort Worth Police Officer Rhonda L. Ham, who investigated the accident. According to Officer Ham's report, East Rosedale, the street on which Officer Hale was driving, is a 60–foot wide, four-lane street with a speed limit of 35 miles per hour. A diagram attached to Officer Ham's written report depicts Ms. Pena's car as almost completely through the intersection before the front right corner of Officer Hale's car hit the rear right corner of her car, causing Pena's car to spin 180 degrees.

Pena sued individually and as next friend of her daughter to recover damages from Officer Hale for personal injuries. Officer Hale moved for summary judgment based on official immunity from both suit

ment, lights and sirens.

and liability. The trial court denied Officer's Hale's motion, and he appeals from the trial court's interlocutory order.[2]

## STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Calvillo v. Gonzalez,* 922 S.W.2d 928, 929 (Tex.1996); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Friendswood Dev. Co. v. McDade + Co.,* 926 S.W.2d 280, 282 (Tex.1996); *Cate v. Dover Corp.,* 790 S.W.2d 559, 562 (Tex.1990); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *See Great Am.,* 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *See Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *See Great Am.,* 391 S.W.2d at 47.

■ A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *See Friendswood Dev. Co.,* 926 S.W.2d at 282. To accomplish this, the defendant-movant

2. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(5) (Vernon Supp.1999).

must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *See Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex.1996).

## OFFICIAL IMMUNITY

■ Officer Hale contends in his first point that the trial court erred by denying his motion for summary judgment because as a matter of law he is immune from suit under the doctrine of official immunity. Official immunity is an affirmative defense which shields public employees from personal liability in a suit arising from an employee's good faith performance of discretionary duties performed within the scope of his authority. *See Wadewitz v. Montgomery*, 951 S.W.2d 464, 465–66 (Tex. 1997); *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994). Ms. Pena does not contest that Officer Hale acted within the scope of his authority or that his actions were discretionary. Thus, in order for Officer Hale to prevail on appeal, the record must establish as a matter of law that he proceeded through the intersection, against the red light, in good faith.

■ The Supreme Court in *Chambers* set forth the necessary standard upon which we measure good faith in a police emergency response case. *See Chambers*, 883 S.W.2d at 656. The Court established an objective test, in which the officer will be found to have acted in good faith if a reasonably prudent officer, under the same or similar circumstances, could have believed that the need of the action taken outweighed a clear risk of harm to the public in taking the action, based on the officer's perception of the facts at the time of the event. *See Wadewitz*, 951 S.W.2d at 466–67; *Chambers*, 883 S.W.2d at 656–57. While an officer's good faith may be established by expert testimony, mere conclusory statements by an expert that a reasonable officer could have taken the same action is insufficient to meet the summary judgment burden. *See Wadewitz* 951 S.W.2d at 466–67. Instead, the expert testimony must be "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." *Wadewitz*, 951 S.W.2d at 466–67. It also must address what a reasonable officer could have believed under the circumstances and that testimony must be substantiated with references to each aspect of the *Chambers* balancing test. *See id.; Chambers*, 883 S.W.2d at 656.

■ Under the *Chambers* need-risk balancing test, "need" refers to the urgency of the circumstances requiring police intervention, and is determined by factors such as the seriousness of the crime or accident to which the officer responds, whether the officer's immediate presence is necessary to prevent injury or loss of life or to apprehend a suspect, and what alternative courses of action, if any, are available to achieve a comparable result. *See Wadewitz*, 951 S.W.2d at 466–67; *Chambers*, 883 S.W.2d at 656. "Risk," on the other hand, refers to the countervailing public safety concerns such as the nature and severity of harm that the officer's actions could cause (including injuries to bystanders as well as the possibility that an accident would prevent the officer from reaching the scene of the emergency), the likelihood that any harm would occur, and whether any risk of harm would be clear to a reasonably prudent officer. *See Chambers*, 883 S.W.2d at 656–57.

To support his motion for summary judgment, Officer Hale filed his own affidavit, the affidavits of two experts, and a copy of Officer Ham's written accident report. In his affidavit, Officer Hale recites the facts we have already described and states that at all times he was operating his patrol car "in a manner to minimize the likelihood that any harm to the public could occur." Officer Hale's affidavit also concludes that a reasonable officer "would not perceive that proceeding through the intersection would present a high degree of risk of harm to the public safety ... [and] a reasonably prudent officer under

the same or similar circumstances could have believed that [his] action in proceeding through the intersection was justified."

Officer Ost, who was Officer Hale's training officer and also a passenger in the patrol car at the time of the collision, stated in his summary judgment affidavit that as their patrol car approached the intersection they were traveling "extremely slow," that he could see Ms. Pena approaching the intersection from the left, "slowing toward a stop," and that it appeared to him that she was yielding the right of way to their car. Based on these perceptions, Officer Ost concluded that a reasonably prudent officer could have believed that the need to respond to the call outweighed the risks of harm to the public in proceeding through the intersection. Officer Hale also offered the summary judgment affidavit of Fort Worth Police Officer Jimmy D. Lile. Officer Lile reviewed Officer Hale's affidavit and concluded that an officer could have believed that, under the same or similar circumstances, proceeding through the intersection was justified.

■ *Chambers'* good faith standard does not subject an officer to an onerous burden and *Wadewitz* makes clear that conclusory statements by expert witnesses (that a reasonable officer could have believed that some action was justified) is not enough. *See Wadewitz,* 951 S.W.2d at 466–67; *Chambers,* 883 S.W.2d at 656–57. The expert's conclusion must be substantiated by reference to both the *need* of the officer's response, and the *risks* associated with the officer's course of action. *See Wadewitz,* 951 S.W.2d at 466–67.

In *Wadewitz,* the Supreme Court found that despite the officer's expert witness basing his conclusions in that case on the officer's testimony about the nature of the dispatch call, circumstances that made it necessary for him to quickly reach the scene, and the viability of the alternate routes the officer could have taken, the officer's summary judgment affidavit did not reinforce the expert's conclusions because it did not address "the degree, likelihood, and obviousness of the risks created by [the officer's] actions." *Id. at* 467. As the Supreme Court explained, "[w]ithout taking both sides of the *Chambers* good faith balancing test into account, neither [the officer] nor his expert witness had a suitable basis for concluding that a reasonable officer in [the officer's] position could or could not have believed that [the officer's] actions were justified." *Wadewitz,* 951 S.W.2d at 467.

Similarly, Officer Hale's summary judgment evidence fails to address both aspects of the *Chambers* balancing test. The affidavits of Officers Hale, Ost, and Lile fail to analyze "the degree, likelihood, and obviousness of the risks" created by driving the patrol car through the red light. Officer Hale had no knowledge of the underlying facts about the emergency alarm, the seriousness of the crime, or whether his immediate presence was necessary, even though it was a "priority one" dispatch.

■ After reviewing Officer Hale's summary judgment evidence under the appropriate standard, it is apparent that his evidence does not establish that a reasonably prudent officer under the same or similar circumstances could have believed that proceeding through the intersection was justified. Officer Hale has failed to establish as a matter of law that he acted in good faith. Moreover, the inconsistency in the underlying facts and physical evidence on which Officers Hale, Ost, and Lile based their conclusions creates genuine issues of material fact. Officer Hale alleged in his affidavit that he was decreasing his speed as he approached the intersection, and Officer Ost attested that they were traveling "extremely slow." Nevertheless, Officer Hale conceded in his deposition that he did not know how fast he was traveling, and the accident report shows that Officer Hale's car skidded 114 feet before striking Pena's car. When conflicting inferences may be drawn between a party's summary judgment affida-

vit and his deposition on matters of material fact, a genuine fact issue is created. *See Randall v. Dallas Power & Light Co.,* 752 S.W.2d 4, 5 (Tex.1988). Based on the length of the skid mark, Larry Self, an accident reconstructionist, calculated that prior to braking, Officer Hale's car was traveling at an estimated speed of 55–60 miles per hour in a 35–mile–per–hour speed limit zone.

Officer Hale's affidavit states that he saw Ms. Pena *stopped* at the intersection, and that he made eye contact with her. On the other hand, Officer Ost's affidavit states that Ms. Pena's car was *approaching* the intersection, slowing toward a stop. Ms. Pena stated in her affidavit that she never made eye contact with Officer Hale, and did not see him until after she had *entered* the intersection with a green light. The diagram attached to the accident report showed that Ms. Pena almost made it across the intersection before the right front of Officer Hale's patrol car hit the right rear of her car. Self calculated that Ms. Pena drove across 59 feet of the 60–foot wide street from a dead stop before being hit by Officer Hale, and that Officer Hale was 270 to 300 feet from the point of impact when he saw Ms. Pena. Assuming that Officer Hale did not apply the brakes until he saw Ms. Pena proceed into the intersection, Officer Hale would have had to make eye contact with Ms. Pena at a distance of 270 to 300 feet (approximately the length of a football field).

Our duty on appeal is not to judge the credibility of the witnesses, but we are to view the evidence in the light most favorable to the nonmovant, and all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *See Harwell,* 896 S.W.2d at 173. The inconsistencies between Officer Hale's summary judgment affidavit, the accident report, and the Pena and Self affidavits about the facts surrounding the accident necessarily create genuine issues of material fact.

Because Officer Hale failed to establish as a matter of law that he acted in good faith and because the summary judgment evidence creates genuine issues of material fact about his actions, Officer Hale was not entitled to summary judgment on his affirmative defense of official immunity from suit. We overrule point one.

### CHAPTER 546

In Officer Hale's second point, he asserts that the trial court erred by denying his motion for summary judgment because he complied with Chapter 546 of the Texas Transportation Code, which governs the operation of authorized emergency vehicles and entitles him to immunity from liability. *See* TEX. TRANSP. CODE ANN. §§ 546.001–546.003 (Vernon 1999).

Chapter 546 authorizes a driver of an emergency vehicle who is responding to an emergency call with audible or visual signals activated to drive through a red light after slowing as necessary for safe operation, and the statute can insulate a driver from liability for any conduct short of recklessness. *See id.; City of Amarillo v. Martin,* 971 S.W.2d 426, 428 (Tex.1998); *Kolster v. City of El Paso,* 972 S.W.2d 58, 58–59 (Tex.1988). However, as we have noted, there exist genuine issues of material fact about the facts surrounding the accident and its proximate cause. Officer Hale has not established as a matter of law that he was not reckless in proceeding through the intersection. We overrule point two.

### CONCLUSION

Having carefully considered and overruled both of Officer Hale's points, we affirm the trial court's order denying Officer Hale's motion for summary judgment.