99-00216 Hanks v City of San Antonio.wpd



 No. 04-99-00216-CV


Maria Dolores HANKS, Felix Medina, Jesse Medina, Juanita V. Luna, Phillip Lopez and Tony
Lopez, Individually and on Behalf of the Estates of Dan Medina and Susie Medina,

Appellants


v.


CITY OF SAN ANTONIO and Galdino Villanueva, Jr.,


Appellees


From the 73rd Judicial District Court, Bexar County, Texas


Trial Court No. 96-CI-11590


Honorable Carol R. Haberman, Judge Presiding


Opinion by: Tom Rickhoff, Justice

Sitting: Tom Rickhoff, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice

Delivered and Filed: December 22, 1999

REVERSED AND REMANDED

 This suit arises out of a deadly automobile collision involving an on-duty police officer
responding to an emergency call. The appellants, representatives of the estates of Dan Medina and
Susie Medina, brought a wrongful death and survival cause of action against the City of San Antonio
and San Antonio police officer Galdino M. Villanueva, Jr. (collectively appellees). The trial court
granted appellees' motion for summary judgment on official immunity. Appellants contend the
summary judgment was improperly granted. Because an underlying fact issue exists, we must
reverse the summary judgment and remand the case for further proceedings.

Background 

 Before midnight on May 11, 1996, Officers Villanueva, McCann, McBlain, Westmoreland,
and Reeder of the San Antonio Police Department were at the Diamond Shamrock Service Station
on Zarzamora. Officer Villanueva heard dispatch give a code-three emergency call, "2111 West
Houston, Officer in trouble. Clearing all but Central." Officer Villanueva notified the dispatcher that
he was en route to the location of the reported incident. Appellees contend he activated his patrol
car's emergency lights and sirens seconds after leaving the service station. However, appellants offer
the deposition excerpt from a witness who heard no sirens and saw no lights on Villanueva's vehicle
prior to the accident. 

 Officer McCann was the first to enter Zarzamora Street, with Officer Villanueva being the
second unit, Officer McBlain the third and Officer Reeder the fourth. All four vehicles were
proceeding north on Zarzamora in response to the "officer in trouble" call. Zarzamora is a four lane,
two way street without a turning lane. Ceralvo is a two lane street with no center dividing line. The
speed limit on both streets is thirty miles per hour. Santos Flores was driving a 1994, 4 door Dodge
passenger car in an easterly direction on Ceralvo. He had three passengers in the car, Martha Flores,
Dan Medina, and Susie Medina.

 Officer McCann drove through the Zarzamora/Ceralvo intersection first, followed by Officer
Villanueva's vehicle. Officer Villanueva's vehicle collided with the right side of the Flores vehicle.
There is conflicting evidence as to whether Officer Villanueva or Flores had a green light. Martha
Flores, Dan Medina, and Susie Medina were killed in the accident.

 Maria Dolores Hanks, Felix Medina, Jesse S. Medina, Juanita Victoria Luna, Phillip Lopez
and Tony H. Lopez filed suit individually and on behalf of the estates of Dan Medina and Susie
Medina against the City of San Antonio and Galdino M. Villanueva, Jr. Villanueva and the City of
San Antonio moved for summary judgment based on official immunity from both suit and liability.
The trial court granted both motions. Appellants now appeal the trial court's order granting
summary judgment.

 Standard of Review

 The party moving for summary judgment has the burden of showing that no genuine issue
of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P.
166a(c); Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-549 (Tex. 1985). In
deciding whether a disputed material fact issue precludes summary judgment, the reviewing court
will take as true all evidence favoring the nonmovant; every reasonable inference from the
evidence will be indulged in favor of the nonmovant, and any doubts will be resolved in his favor.
Nixon, 690 S.W.2d at 549. 

 A defendant may show entitlement to summary judgment by conclusively proving all
elements of an affirmative defense. Montgomery v. Kennedy, 669 S.W.2d 309, 310-11 (Tex.1984).
Appellees were granted summary judgment based on the affirmative defense of official immunity.
A police officer is entitled to official immunity for the performance of discretionary duties within
the scope of his authority, provided that he acts in good faith. Wadewitz v. Montgomery, 951 S.W.2d
464, 466 (Tex. 1997). Appellants do not contest that Officer Villanueva was performing a
discretionary duty within the scope of his authority. Thus, the only issue is whether appellee's
summary judgment evidence conclusively established that Officer Villanueva was acting in "good
faith" in responding to the emergency call. See id. at 466; Beatty v. Charles, 936 S.W.2d 28, 30 (Tex.
App.-San Antonio 1996, no writ). 

Analysis

 Good faith in official immunity cases is measured against a standard of objective legal
reasonableness, without regard to the officer's subjective state of mind. City of Lancaster v.
Chambers, 883S.W.2d 650, 656 (Tex. 1994). To be entitled to summary judgment, an officer must
prove that a reasonable prudent officer, under the same or similar circumstances could have believed
that the action taken was justified. Id. at 656-57. The officer does not need to prove that it would
have been unreasonable to take a different action; nor must the officer prove that all reasonable
prudent officers would have acted as he did. Id. at 657. 

 To establish good faith, appellees rely on Officer Villanueva's affidavit, an eye-witness
affidavit, and an expert witness affidavit. Officer Villanueva's affidavit described the circumstances
in which he received the dispatcher's code three call and his belief that he had the right of way. He
knew the dispatch indicated an officer was in distress and required an immediate emergency
response. He believed he had a green light at the intersection of Zarzamora and Ceralvo and was
operating his car as an emergency vehicle with lights and sirens. The appellees' supporting witness's
affidavit concurs that Officer Villanueva went through a green light at the Zarzamora/Ceralvo
intersection and was operating his lights and siren. 

 In response, appellants directed the trial court's attention to deposition testimony from two
witnesses, Elsie Sanchez and Jose Sanchez, who both contend that Villanueva had a red light at the
intersection and Flores had a green light.



Witness Elsie Sanchez:

Q. Okay. Mrs. Sanchez, do you recall-if that little car that you said you saw at the
intersection that went through that was struck by the police officer, do you recall
whether or not it had a red or a green light?

A. It had a green.

Q. And are you sure of that?

A. Yeah. I'm sure of it.

Witness Jose Sanchez:

Q. Okay. now you said probably. Do you-that was my next question. Did the police
officer have the green light from-

A. The first one.

Q The first one did? Okay. How about the second that was involved in the accident?

A. The second one, no sir. No sir.

 Jose Sanchez also testified that Villanueva was not operating his light and sirens prior to the
collision:

Q. You could hear it coming down Zarzamora?

A. Yes, sir. 

Q. You could hear-

A. I could hear the speed, but I didn't hear no sirens. That's the second car.

Q. Right.

A. But I didn't hear no sirens and I didn't see no flashing lights. Like usually you see
them on the courts when they're coming.

Q. Uh-huh.

A. And at that time, the second car didn't have no siren nor flashing lights.

Q. Were you absolutely positive of that?

A. Yes, sir.

 

 Appellees' expert witness concludes that Villanueva's actions were reasonable, discretionary,
justified, and necessary. In his opinion, any reasonable law enforcement officer in the United States
could have believed that the need to respond outweighed the risk involved in this case. He based
his conclusions on a variety of sources including the accident report, witness statements, depositions,
police guideline materials, police reports, an accident reconstruction, and toxicology reports. 

 Appellees' summary judgment evidence does not adequately substantiate Officer
Villanueva's and their expert's conclusions about the existence of good faith. Summary judgment
may be based on the uncontroverted testimony of an expert witness but only if it is clear, positive,
and direct; otherwise free from contradictions and inconsistencies, and readily controvertible.
Wadewitz, 951 S.W.2d at 466. The expert testimony must address what a reasonable officer could
have believed under the circumstances and that testimony must be substantiated with references to
each aspect of the Chambers balancing test. Wadewitz, 951 S.W.2d at 467; Hale v. Pena, 991
S.W.2d 942, 945 (Tex. App.-Fort Worth 1999, no pet.); Clark v. University of Houston, 979 S.W.2d
707, 711 (Tex. App.-Houston [14th Dist.] 1998, no pet.). Mere conclusory statements by an expert
that a reasonable officer could have taken the same action is insufficient to meet the summary
judgment burden. Pena, 991 S.W.2d at 944.

 Under Chambers, good faith is measured by how a reasonable prudent officer could have
assessed both the need to which an officer responds and the risks of the officer's course of action,
based on the officer's perception of the facts at the time of the event. Chambers, 883S.W.2d. at 657.
The "need" refers to the urgency of the circumstances requiring police intervention. Wadewitz, 951
S.W.2d at 467. Need in an emergency response is determined by such factors as the seriousness of
the crime or accident to which the officer responds, whether the officer's immediate presence is
necessary to prevent injury or loss of life or to apprehend a suspect, and what alternative course of
action, if any, is available to achieve a comparable result. Id. at 467. Conversely, risk "refers to the
countervailing public safety concerns: the nature and severity of harm that the officer's actions could
cause (including injuries to bystanders as well as the possibility that an accident would prevent the
officer from reaching the scene of the emergency), the likelihood that any harm would occur, and
whether any risk of harm would be clear to a reasonable prudent person." Id. at 467. 

 The need to which Officer Villanueva responded was a code three "officer in distress"
emergency dispatch call that required an immediate response. According to appellees' expert
consideration of the risk was evidenced by his use of the emergency equipment, lights, sirens and
the blow horn, his estimated traveling speed, the viability of alternative routes, consideration of road
conditions, by driving in the inner lane and permitting traffic to move to the right, and by virtue of
his training. 

 Appellees' expert begins his analysis with the conclusion that Officer Villanueva utilized
all his emergency equipment shortly after responding to the dispatch call. Appellants' witnesses
offered conflicting testimony. In addition, appellees' expert addresses the needs and risks of Officer
Villanueva's actions without addressing whether or not he had a red or green light and whether that
requires any different police action or considerations. Because we must view the evidence in the
light most favorable to the nonmovant, appellant must show as a matter of law that a reasonable
prudent officer could have believed his actions to be justified if the light was red. Pena, 991 S.W.2d
at 945. Appellants' summary judgment evidence fails to analyze "the degree, likelihood and
obviousness of the risks" created by driving the patrol car through the red light. Id. at 945.
Unresolved material fact issues preclude summary judgment. Cf. City of San Antonio v. Garcia, 974
S.W.2d 756, (Tex. App.-San Antonio 1998, no pet.)(Fact issue as to whether defendant exhibited
hostile behavior leading to his arrest prohibited summary judgment based on official immunity);
Martinez v. Mikel, 960 S.W.2d 158, 160 (Tex. App.-San Antonio 1997, no pet.)(Fact issue as to
whether individual's hands were in his pockets when he failed to immediately respond to directions,
so that reasonably prudent officer would have perceived need to use deadly force, or were merely
at his side, precluded summary judgment based on official immunity). 

 To controvert appellees' expert, appellants offered the deposition testimony of Deputy Chief
Albert A. Ortiz who stated that if the jury did not believe that Villanueva had his sirens on, his
emergency lights activated, and a green light, then he was in violation of police procedure. Because
there remains a disputed fact issue, whether the light was red or green and whether Officer
Villanueva was operating his lights and sirens in advance of the accident, we need not reach the issue
of whether the appellants' deposition testimony is competent summary judgment evidence. See 
Garcia, 974 S.W.2d at 758.

 Appellees argue that the underlying factual disputes should not prevent summary judgment
because the proper focus of our inquiry is on the officer's perception of events at the time of the
incident. However, we have previously held that even a generous interpretation of Wadewitz and
Chambers does not suggest that summary judgment would be proper when an officer's perception
of the facts squarely conflicts with eye-witness testimony. Mikel, 960 S.W.2d at 160.

 We note that the facts surrounding the officer's actions were not at issue in
Wadewitz or Chambers. Further, such an interpretation of these cases would amount
to the recognition of absolute immunity and would contradict the well-established
rules which guide our review of a summary judgment order. 

 Id. 

 After reviewing all the summary judgment evidence under the appropriate standard, we
conclude that the evidence does not establish as a matter of law that a reasonably prudent officer
under the same or similar circumstances could have believed that proceeding through the intersection
was justified. The inconsistencies in the underlying summary judgment evidence as to whether
Villanueva ran a red light or was operating his lights and sirens prior to entering the intersection
create genuine issues of material fact. Therefore, appellees failed to establish as a matter of law that
Villanueva acted in good faith. Because the summary judgment evidence creates genuine issues of
material fact about his actions, appellees were not entitled to summary judgment on the affirmative
defense of official immunity from suit. The judgment of the trial court is reversed, and this cause
is remanded for further proceedings.

 

 Tom Rickhoff, Justice

Do Not Publish