# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00571-CV

**The State of Texas, Appellant**

**v.**

**Sherrie Allen Neill, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY,
### NO. C-1-CV-09-008538, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State of Texas sued appellee Sherrie Allen Neill seeking to recover amounts owed on two student loans that she guaranteed. Following a bench trial, the trial court entered a take nothing judgment in favor of Neill. On appeal, the State asserts that the trial court erred in barring the State's recovery based on laches and that the State established its right to recover judgment against Neill by a preponderance of the evidence. For the reasons that follow, we affirm the trial court's judgment.[1]

In 1994, Neill's nephew signed promissory notes for student loans payable to the Texas Higher Education Coordinating Board (THECB), and Neill guaranteed the debt. The notes became due and payable in 1997, but Neill's nephew failed to pay the amounts owed. In 1999, Neill

---

[1] The parties are familiar with the facts, procedural history, and applicable standards of review. Accordingly, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.4.

made three payments against the debt, but she did not make any other payments. Although a default judgment for the amount owed under the notes was rendered against Neill's nephew in 2003, Neill was not aware of the judgment, and she retired in 2004. At that time, she believed that her nephew had paid off the debt or was making payments on the debt.

After she made the payments in 1999, Neill did not hear anything further from THECB until 2009 when the State sued her seeking to recover the amount owed on the student loans. Neill answered the suit and asserted affirmative defenses including laches.[2] The State did not amend its petition to address Neill's pleaded defenses. Following a bench trial in 2012, the trial court entered a take nothing judgment in Neill's favor. The trial court also entered findings of fact and the following conclusion of law:

> The State of Texas has been guilty of laches due to its unreasonable delay in bringing the subject action and due to Neill's good faith reliance on the passage of time without any collection effort being made by the State of Texas. Laches bars the claims asserted against Neill in this lawsuit.

At trial, Neill testified that she probably would not have retired in 2004 if she would have known that she would be asked at some later date to pay the amounts owed on the student loans and that she relied on the fact that she did not owe anything.

---

[2] The elements of a laches defense are (1) an unreasonable delay in asserting a legal or equitable right; and (2) a good faith, detrimental change of position because of the delay. *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 80 (Tex. 1989); *Ebner v. First State Bank of Smithville*, 27 S.W.3d 287, 305–06 (Tex. App.—Austin 2000, pet. denied).

The State raises two issues on appeal, but we limit our analysis to its first issue because it is dispositive.[3] *See* Tex. R. App. P. 47.1. In its first issue, the State argues that the trial court erred in barring the State's recovery due to laches because laches is an affirmative defense that does not apply to a sovereign, such as the State of Texas. The State, however, did not raise this argument in its pleadings or raise it with the trial court.

Rule 94 of the Texas Rules of Civil Procedure states in relevant part: "In pleading to a preceding pleading, a party shall set forth affirmatively . . . any other matter constituting an avoidance or affirmative defense." *See* Tex. R. Civ. P. 94. "[T]he language of rule 94 makes clear that it requires the pleading of any 'matter(s) constituting an avoidance' of any other matter—affirmative claim or defense—asserted in another pleading, regardless of the alignment of the parties." *Compass Bank v. MFP Fin. Servs., Inc.*, 152 S.W.3d 844, 853 (Tex. App.—Dallas 2005, pet. denied); *see Simmons v. Compania Financiera Libano, S.A.*, 830 S.W.2d 789, 792–93 (Tex. App.—Houston [1st Dist.] 1992, writ denied) ("When a plaintiff desires to rely on an affirmative matter in avoidance of a defense pled in the defendant's answer, he must allege it in a supplemental petition, unless it is already put in issue by the petition. Rule 94 thus imposes on the plaintiff the requirement that he plead any matter in avoidance on which he intends to rely.").

The State does not challenge the sufficiency of the evidence to support the trial court's finding that Neill met her burden to prove the affirmative defense of laches. The State also did not amend its petition after Neill pleaded the defense of laches in her answer, to raise the fact that

---

[3] As stated above, in its second issue, the State argues that the trial court erred in rendering judgment against the State because the State established its right to recover judgment against Neill by a preponderance of the evidence.

it is immune from the defense of laches. *See* Tex. R. Civ. P. 94; *Compass Bank*, 152 S.W.3d at 853; *see also Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (noting that a governmental unit may waive defense of immunity from liability by failing to plead it); *Davis v. City of San Antonio*, 752 S.W.2d 518, 519 (Tex. 1988) (noting that "governmental units litigate as any other party in Texas courts and must observe the same rules that bind all other litigants, which include the laws and rules governing pleadings").

We also note that the State failed to argue to the trial court that laches does not apply to a sovereign, such as itself. *See* Tex. R. App. P. 33.1 (record must show claim was raised in trial court for it to be presented on appeal); *Hayes v. Patrick*, 45 S.W.3d 110, 115 n.3 (Tex. App.—Fort Worth 2000, pet. denied) (noting that "grounds not expressly presented to the trial court are not preserved for appeal"). In response to Neill's closing argument that the laches defense barred the State's suit against Neill, the State argued in total as to the laches defense:

> And the notion of laches as being a subset of statute of limitations. If you use laches to apply here that would undermine the whole meaning of the statute of limitations.

By failing to plead or otherwise raise its first issue with the trial court, the State failed to preserve the issue for appellate review. *See* Tex. R. App. P. 33.1; Tex. R. Civ. P. 94; *Compass Bank*, 152 S.W.3d at 853; *cf. Mastin v. Mastin*, 70 S.W.3d 148, 154 (Tex. App.—San Antonio 2001, no pet.) (concluding affirmative defense tried by consent and not waived where party orally raised it during argument to court and opposing party did not object to lack of pleading).

Thus, we overrule the State's first issue, do not reach the State's second issue, and affirm the trial court's judgment. *See* Tex. R. App. P. 47.1; *BMC Software Belg., N.V. v. Marchand*,

4

83 S.W.3d 789, 794 (Tex. 2002) (noting that conclusions of law upheld if judgment can be sustained on any legal theory supported by the evidence).

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed:   April 10, 2014