NUMBER 13-98-582-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


ALFREDO VASQUEZ, Appellant,


v.



JEFF HUDSON, ET AL, Appellees.

____________________________________________________________________


On appeal from the 156th District Court of San Patricio

County, Texas.

____________________________________________________________________



O P I N I O N



Before Justices Hinojosa, Yañez, and Rodriguez


Opinion by Justice Yañez



 This case arose from the arrest of Alfredo Vasquez by Jeff Hudson,
an officer with the Texas Department of Public Safety. Vasquez sued
Hudson and the Department of Public Safety, pleading seven causes of
action:

(1) Assault

(2) Excessive, unreasonable, and unnecessary force

(3) Wrongful, oppressive, and illegal arrest

(4) Negligence

(5) Negligence in the manner of arrest

 (6) Deprivation of constitutional and legal rights, including
42 U.S.C. § 1983

(7) Negligent use of tangible personal property.


 Appellees filed a plea to the jurisdiction and moved for summary
judgment on the grounds of official immunity and sovereign immunity. 
The trial court granted summary judgment on all claims except claims
(1) and (6). Hudson brought an interlocutory appeal of the denial of his
motion for summary judgment on these claims, and this Court affirmed
the trial court's denial of the summary judgment. See Hudson v.
Vasquez, 941 S.W.2d 334 (Tex. App.--Corpus Christi 1997, no writ).

 The case proceeded to trial on claims (1) and (6). A jury returned
a verdict in favor of appellees, and the trial court entered a judgment
that Vasquez take nothing. On appeal, Vasquez raises no complaint
regarding the trial, but rather challenges only the trial court's summary
judgment on claims (2), (3), (4), (5), and (7). We hold that, under the
Texas Tort Claims Act, appellees were protected by immunity, and
consequently we affirm the judgment of the trial court.

 In Texas, governmental units such as the Department of Public
Safety are immune from tort liability unless the Legislature has waived
immunity. Dallas County Mental Health and Mental Retardation v.
Bossley, 968 S.W.2d 339, 341 (Tex. 1998). The Texas Tort Claims Act
provides that this immunity is waived and a governmental unit in the
state is liable for:

(1) property damage, personal injury, and death proximately
caused by the wrongful act or omission or the negligence of
an employee acting within his scope of employment if:


(A) the property damage, personal injury, or death arises
from the operation or use of a motor-driven vehicle or
motor-driven equipment; and


(B) the employee would be personally liable to the claimant
according to Texas law; and


(2) personal injury and death so caused by a condition or use
of tangible personal or real property if the governmental unit
would, were it a private person, be liable to the claimant
according to Texas law. 


Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997).

 Vasquez argues that he was injured by Hudson's use of
handcuffs. In an affidavit attached to his response to the motion for
summary judgment, Vasquez gave this description of the events
underlying his claims:

Trooper Hudson grabbed me without warning, pushed me
towards one of the law enforcement vehicles and pulled my
hand and arm behind my back in a very rough manner while
trying to put handcuffs on me. As a result of the force that
he used while trying to put the handcuffs on me and
because of the angle at which Trooper Hudson forced my
arm back behind my back without bending my elbow, my
elbow was broken.


 These facts, as described by Vasquez, do not qualify for a waiver
of immunity under the Tort Claims Act. The injury Vasquez alleges, a
broken elbow, was not caused by a "condition or use of" the handcuffs. 
Vasquez alleges that Hudson broke his elbow when Hudson used his
hands to seize Vasquez's arm and force it into position to apply the
handcuffs. The alleged injury to Vasquez's elbow occurred before the
handcuffs were applied. Because Vasquez's injury was not caused by
"a condition or use of tangible personal property," i.e., handcuffs, the
Department of Public Safety's sovereign immunity remained in place.

 Vasquez relies on City of San Antonio v. Garcia, 974 S.W.2d 756
(Tex. App.--San Antonio 1998, no pet.). In that case, Garcia alleged
that he was wrongfully arrested and that handcuffs were placed onto
him so tightly that he suffered pain, injury, and permanent damage to
his wrists. Id. at 757. Vasquez does not make an equivalent complaint
that the actual use of the handcuffs caused him injury. Furthermore,
Garcia was primarily concerned with whether a fact issue was present
regarding whether the arresting officer had acted in good faith and
therefore was entitled to official immunity. See id. at 758-59. To be
entitled to summary judgment on the basis of sovereign immunity, a
Texas state governmental entity need not establish as a matter of law
that its agent acted in good faith. See Tex. Civ. Prac. & Rem. Code Ann.
§ 101.021 (Vernon 1997). Therefore, Garcia is not on point.

 A judgment in an action against a state governmental unit under
the Texas Tort Claims Act bars any action involving the same subject
matter against the employee of the governmental unit whose act or
omission gave rise to the claim. Tex. Civ. Prac. & Rem. Code Ann. §
101.106 (Vernon 1997). This statute bars recovery against the
employee even when the judgment against the governmental employer
occurs simultaneously with the judgment against the employee. 
Thomas v. Oldham, 895 S.W.2d 352, 357 (Tex. 1995). Therefore, once
the trial court properly granted summary judgment in favor of the
Department of Public Safety, Vasquez was barred from obtaining any
recovery against Hudson. 

 The judgment of the trial court is affirmed.



 
____________________________________

 LINDA REYNA YAÑEZ

 Justice





Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 17th day of August, 2000.