Lino MARTINEZ, Individually and as a
Trooper for the Texas Department
of Public Safety, Appellant,

v.

Melody MIKEL, Individually and on be-
half of her Minor Son, Kerry Scott
McEntire, and Kerry Scott McEntire,
Individually, Appellees.

No. 04–96–00979–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 29, 1997.

Richard D. Naylor, Asst. Atty. Gen., Law
Enforcement Defense Division, Austin, for
Appellant.

Gregory W. Canfield, Law Offices of Greg-
ory W. Canfield, San Antonio, for Appellees.

Before HARDBERGER, C.J., and
RICKHOFF and STONE, JJ.

## OPINION

STONE, Justice.

This is an accelerated appeal of an inter-
locutory order denying a motion for sum-
mary judgment based on official immunity.
For the following reasons, we affirm the trial
court's order.

### FACTUAL & PROCEDURAL
### BACKGROUND

On May 2, 1994, Texas Department of
Public Safety Trooper Lino Martinez ("Mar-
tinez") was flagged down while on patrol by a
pedestrian who informed him of a burglary in
progress at a nearby residence. Martinez,
accompanied by a reserve officer of the Leon
Valley Police Department, Carl Donald Bar-
rella, reported the burglary to DPS Commu-
nications, requested assistance, and initiated
their investigation. Martinez and Barrella
entered the premises, observed that the front
door was padlocked, and circled to the back
of the house, each on a different side. Mar-
tinez apprehended two suspects, later identi-
fied as Misty Salazar and Ryan McEntire,

exiting the house through a side window. Martinez handcuffed them together and instructed them to remain on the side of the house while he proceeded to the back yard. Martinez then heard Barrella shouting. When he entered the back yard, he discovered Barrella with his gun drawn attempting to detain two additional suspects, later identified as Kip McEntire and Kerry Scott McEntire.

At this point, the parties' accounts of events differ significantly. Both Martinez and Barrella stated in their affidavits that Kerry Scott McEntire had his hands in his pockets. Martinez instructed McEntire several times to remove his hands from his pockets. Martinez stated that McEntire turned slightly away from him and then quickly removed his hands from his pockets and made an assertive movement with his right hand toward him. Martinez shot McEntire in the chest one time. Barrella confirmed that McEntire removed his hands from his pockets briskly but stated that all he saw was a motion up front.

By contrast, Kerry McEntire stated in his affidavit that his hands were outside of his pockets and at his sides at all times. He further stated that he did not make a threatening gesture towards Martinez. Kip McEntire and Misty Salazar corroborate Kerry's account. Kip McEntire stated in his affidavit that he was standing to the left of Kerry when Martinez approached the boys. Kip McEntire stated that his hands were in his pockets and that he immediately jerked his hands out of his pockets when Martinez instructed him to do so. Misty Salazar stated in her affidavit that Kerry's hands were not in his pockets and he did not point at Martinez in a threatening manner. She also stated that prior to the shooting she informed Martinez that Kerry did not have a weapon and she asked him not to shoot.

Mikel and McEntire (hereinafter "Mikel") brought suit against Martinez for assault, intentional infliction of emotional distress, and negligent infliction of emotional distress. Martinez moved for summary judgment on the basis of the affirmative defense of official immunity. In support of his motion for summary judgment, Martinez relied upon his affidavit and the affidavit of Danny W. Smith, an experienced licensed peace officer, who concluded that Martinez acted in good faith and reasonably under the circumstances. Mikel countered with the affidavits of Kerry McEntire, Kip McEntire, and Misty Salazar and the affidavit of M.R. Spikes, a certified peace officer and advanced firearm instructor, who stated that Martinez used excessive force and that no reasonable peace officer would have used such force in a similar situation. Both Martinez and Mikel challenged the affidavits presented by the other, but neither party obtained rulings on these objections. The trial court denied Martinez's motion based on the summary judgment evidence before it and this appeal followed. Jurisdiction in this court is proper pursuant to TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(5) (Vernon 1997).

## STANDARD OF REVIEW

■ As the party moving for summary judgment, Martinez had the burden to conclusively establish each element of his defense and to prove that there was no genuine issue of material fact. *See Kassen v. Hatley*, 887 S.W.2d 4, 8–9 (Tex.1994); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). In determining whether a material fact issue exists, evidence favorable to the nonmovant is taken as true, and every reasonable doubt is resolved in the nonmovant's favor. *Nixon*, 690 S.W.2d at 548–49; *Antu v. Eddy*, 914 S.W.2d 166, 169 (Tex. App.—San Antonio 1995, no writ). If sufficient evidence is presented such that reasonable minds could differ about a material fact, summary judgment is improper. *Kassen*, 887 S.W.2d at 9.

## OFFICIAL IMMUNITY

■ Police officers are entitled to official immunity when performing discretionary duties in good faith within the scope of their authority. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994); *Vasquez v. Hernandez*, 844 S.W.2d 802, 804 (Tex.App.—San Antonio 1992, writ dism'd w.o.j.). The parties agree that Martinez was performing a discretionary duty within the scope of his authority. Thus, our discussion is limited to

whether Martinez conclusively established that he acted in good faith.

■ To establish good faith as a matter of law, Martinez assumed the burden to show that a reasonably prudent officer, under the same or similar circumstances, could have believed that his actions were justified. *See Chambers*, 883 S.W.2d at 656–57; *Antu*, 914 S.W.2d at 171. That is, Martinez was required to show that a reasonably prudent officer might have believed that deadly force was reasonably necessary. *See Victory v. Bills*, 897 S.W.2d 506, 509 (Tex.App.—El Paso 1995, no writ). To controvert Martinez's summary judgment proof regarding good faith, Mikel had to produce evidence that no reasonably prudent officer could have thought that force was necessary. *See id.*

■ Martinez contends the trial court erred in denying summary judgment because when, as in the instant case, experts of reasonable competence disagree on the issue of good faith, immunity should be recognized. *See Gallia v. Schreiber*, 907 S.W.2d 864, 869 (Tex.App.—Houston [1st Dist.] 1995, no writ) (citing *Chambers*, 883 S.W.2d at 657). Alternatively, Martinez argues that he was entitled to summary judgment because Mikel's expert affidavit was incompetent summary proof which did not controvert Smith's affidavit. *See Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex.1997). The factual dispute of the instant case prevents both the application of the rule expressed in *Gallia* and our need to reach the issue of whether Mikel's expert's affidavit is competent summary judgment evidence.

In the instant case, whether a reasonably prudent officer in Martinez's position could have perceived the need to use force against Kerry turns on whether Kerry's hands were in his pockets when Martinez approached him. *See Victory*, 897 S.W.2d at 509; *see also Beatty v. Charles*, 936 S.W.2d 28, 31–32 (Tex.App.—San Antonio 1996, no writ). Smith's expert opinion that a reasonably prudent officer, under the same or similar circumstances, could have believed that force was necessary is predicated soley on Martinez's version of events to the exclusion of the other eye-witness testimony. That is, Smith's conclusion hinges on the belief that

Kerry's hands were inside his pockets. Specifically, Smith stated:

The actions of Trooper Martinez, including the use of force and the discharging of his weapon, were an appropriate response to Kerry Scott McEntire's actions and sudden movements. Trooper Martinez, in fear of his life and believing that the suspect possibly had a weapon in his hand when he removed his hand from his pocket, acted reasonably under the circumstances and his actions were well within the guidelines of normal police policy, procedure and training. The officer used only that force which was reasonably necessary under the conditions and circumstances that existed at that time.... It is further my opinion, that any reasonably prudent police officer, under the same or similar circumstances, could have believed that the action taken was proper and necessary and could have believed his conduct to be lawful in light of clearly established law and all of the information possessed by such officer at the time the conduct occurred.

While a reasonable officer could have perceived the need to use force on the facts as recited by Martinez and Barrella and adopted by Smith, reasonable minds could differ about that conclusion when reviewing all the facts presented by the summary judgment evidence. *See City of San Antonio v. Bynum*, 937 S.W.2d 596, 599–600 (Tex. App.—San Antonio 1996, no writ); *Beatty*, 936 S.W.2d at 32; *Victory*, 897 S.W.2d at 509. As noted, the trial court had before it other eye-witness testimony which places Kerry's hands at his sides when Martinez approached. Martinez argues that this underlying factual dispute should not prevent summary judgment because the proper focus of our inquiry is on his perception of events at the time of the incident. *See Wadewitz*, 951 S.W.2d at 466–67; *Chambers*, 883 S.W.2d at 657. We do not dispute that an objective test by which to evaluate an officer's conduct was established in *Chambers* and recently reiterated in *Wadewitz*. However, we do not believe that even a generous interpretation of *Wadewitz* and *Chambers* suggests that summary judgment would be proper when an officer's perception of the facts squarely con-

flicts with eye-witness testimony. We note that the facts surrounding the officer's actions were not at issue in *Wadewitz* or *Chambers*. Further, such an interpretation of these cases would amount to the recognition of absolute immunity and would contradict the well-established rules which guide our review of a summary judgment order.

In viewing the evidence in the light most favorable to Mikel, we find that whether Kerry's hands were in his pockets when Martinez approached him is a material fact issue which precludes summary judgment. *See Kassen*, 887 S.W.2d at 9. Accordingly, the trial court's denial of the summary judgment motion was proper. Martinez's sole point of error is overruled.

The trial court's order denying summary judgment is affirmed.