**CITY OF SAN ANTONIO & Alexander Devora, Jr., Appellants,**

v.

**L. Richard GARCIA, M.D., Appellee.**

No. 04–98–00028–CV.

Court of Appeals of Texas, San Antonio.

May 20, 1998.

Elsa Giron Nava, Asst. City Atty., Litigation Division, San Antonio, for Appellants.

Lisa D. Harding, San Antonio, for Appellee.

Before LÓPEZ, GREEN and DUNCAN, JJ.

## OPINION

GREEN, Justice.

This accelerated appeal arises from the denial of a motion for summary judgment, based on official immunity, made by the City of San Antonio and Alex Devora, Jr., an officer of the San Antonio Police Department (SAPD). In a single point of error, the City and Devora argue they are entitled to summary judgment because they conclusively proved the affirmative defense of good faith. We affirm the trial court's judgment because material fact issues surround the underlying traffic stop and arrest.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 4, 1995, officers Devora and Edward Torres stopped L. Richard Garcia, M.D. as he drove his truck in downtown San Antonio near Main and Cypress streets. The officers explained to Garcia that they stopped him for running a red light, although Garcia did not recall doing so. According to Devora, Garcia became hostile and failed to respond to the officers' questions or commands. As a result, Garcia was arrested and handcuffed. Garcia, on the other hand, characterizes the officers as the aggressors, insisting that he never acted hostile toward them and that any failure to comply with their instructions may be explained by his loss of hearing in one ear.

Garcia filed suit against the City, Devora, and Torres under the Texas Tort Claims Act, claiming he was negligently injured during the arrest by the use of handcuffs, which caused pain, injury, and permanent damage to his hands and wrists.[1] The City, Devora, and Torres moved for summary judgment, invoking the defense of official immunity.[2] The proof accompanying the motion included the arrest report; the depositions of Garcia, Devora, and Torres; and the affidavit of expert Albert Rodriguez, Commander of the Training Academy for the Texas Department of Public Safety. Garcia's response to the

---

1. He also claimed his rights were violated under Article I, Section 9 of the Texas Constitution. The trial court granted the motion for summary judgment on this claim, and Garcia does not appeal this issue.

2. The City's liability is derivative of Devora's. See *DeWitt v. Harris County*, 904 S.W.2d 650, 654 (Tex.1995).

motion for summary judgment included objections to the affidavit of Rodriguez and was accompanied by the affidavits of Garcia and expert Gilly Ray Tidwell, Police Chief of the Liberty Police Department, Liberty, Texas.

The trial court granted Torres' motion for summary judgment but denied relief to the City and Devora.[3]

## STANDARD OF REVIEW

■ As the parties moving for summary judgment, the City and Devora carried the burden to conclusively establish each element of their defense and to prove there was no genuine issue of material fact. *See Kassen v. Hatley,* 887 S.W.2d 4, 8–9 (Tex.1994); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). In deciding whether a material fact issue exists, we view all evidence favorable to the nonmovant as true and resolve every reasonable doubt in favor of the nonmovant. *Nixon,* 690 S.W.2d at 548–49. Finally, summary judgment is improper if sufficient evidence is presented such that reasonable minds could differ about a material fact. *Kassen,* 887 S.W.2d at 9.

## OFFICIAL IMMUNITY

■ It is the defense's burden to establish all elements of official immunity, an affirmative defense. *Wadewitz v. Montgomery,* 951 S.W.2d 464, 465 (Tex.1997). Thus, the defense must show that Devora performed (1) a discretionary duty, (2) in good faith, (3) while acting within the scope of his authority. *See City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994).

■ Both parties argue this appeal under the assumption that Devora performed a discretionary act within the scope of his authority. The sole dispute then is whether Devora acted in good faith in arresting and handcuffing Garcia. The standard by which we measure good faith is one of objective legal reasonableness, without regard to the officer's subjective state of mind. *Wadewitz,* 951 S.W.2d at 466. More particularly, the test for good faith is whether a reasonably prudent officer under the same or similar circumstances could have believed that the

disputed action should have been taken. *See Chambers,* 883 S.W.2d at 656–657. To controvert the officer's summary judgment proof of good faith, the plaintiff must show that no reasonable person in the defendant's position could have thought the facts were such that they justified the defendant's acts. *Id.* at 657.

The City and Devora argue their evidence, particularly their expert's affidavit, conclusively proves Devora acted in good faith. Garcia responds that summary judgment is improper given that a genuine issue of material of fact underlying the element of good faith remains. We agree with Garcia. Because there remains a disputed fact issue— Garcia's conduct during the traffic stop—we need not reach the issue of whether the defense's expert affidavit is competent summary judgment evidence. *See Martinez v. Mikel,* 960 S.W.2d 158, 160 (Tex.App.—San Antonio, no pet.).

■ In this case, whether a reasonably prudent officer in Devora's position could have perceived the need to arrest and handcuff Garcia depends on Garcia's conduct during the traffic stop. *See id. See also Beatty v. Charles,* 936 S.W.2d 28, 31–32 (Tex.App.— San Antonio 1996, no writ); *Victory v. Bills,* 897 S.W.2d 506, 509 (Tex.App.—El Paso 1995, no writ). The opinion of the City's and Devora's expert that a reasonably prudent officer, under the same or similar circumstances, could have believed the arrest was necessary is premised solely on the events as portrayed by Devora:

It is my professional opinion, that any reasonable peace officer could have taken the same or similar actions that Officers Alexander Devora and Edward Torres took on November 4, 1995, when presented with the same or similar situation. . . . Officers[ ] Devora and Torres observed Mr. Richard Garcia recklessly disregard a red traffic light at the intersection of Main and Cypress street. Officers Devora and Torres were performing their peace officer duties when they stopped the Plaintiff, Richard Garcia, for violating the Texas Traffic laws. It is important to note, that

---

**3.** Garcia does not appeal the trial court's ruling for Torres.

peace officers in the state of Texas are given the authority to perform a custody arrest on individuals that violate the Transportation Code, subsection-(d).

Mr. Garcia refused to abide by the officer's request to step out of the line of traffic. Richard Garcia's refusal to abide by Officer Devora's lawful order constituted a violation of law. In addition, Mr. Garcia's refusal to abide by the officer's verbal request is an escalated form of resistance as identified by the Texas Commission on Law Enforcement Officers Standards and Education Training Curriculums. Mr. Garcia not only disobeyed the officer[']s lawful order but he continued to go back into and out of his vehicle. It is my opinion that any reasonable and prudent peace officer could have identified those actions as threatening the safety of the officer and the general public. Richard Garcia, the plaintiff, continued to escalate his aggression by being: A) loud, B) argumentative, C) exhibiting a fighting stance, D) clenching his fist, E) getting too close to Officer Devora, and F) not abiding the officer's lawful orders to calm down and step out of the line of traffic.... [I]t is my opinion that any reasonable and prudent peace officer could have believed that custody arrest and the use of handcuffs were viable and legal options.

The facts stemming from the balance of the summary judgment evidence conflict on whether Garcia exhibited hostile behavior. In particular, the affidavits of Garcia and his expert reveal the controversy. In his affidavit, Garcia stated:

After stopping ... Officer Alexander Devora[ ] got out of the police car and came up to my driver's window. I asked him what was wrong and he said that I ran a red light. I indicated to him that I did not think that I had run a red light and told him that I was having trouble hearing him. I have irreversible hearing loss in both ears.... I told Officer Devora that I needed to step out of the truck to get the proof of insurance and then opened the door and stepped out....

At no time during this incident did I ever physically or verbally threaten Officer Devora or Officer Torres. I did not make any physical moves toward either officer nor did I attempt to harm them in any way. I complied with their requests to the extent that I understood what they wanted. Nevertheless, they treated me in a very hostile and angry manner and took me to jail. At no time did they offer me the opportunity to sign the traffic ticket and be released. I was subsequently taken to jail for allegedly running a red light.

Significantly, the affidavit of Garcia's expert notes the evidentiary conflict:

Although Officer Devora and Dr. Garcia differ on the events and behavior which resulted in the arrest, Officer Devora's actions were inappropriate and unreasonable given either version, because neither account contains justification for arrest.... It is therefore my opinion that no reasonable prudent officer in the State of Texas, could have believed, under the same or similar situation, that the appropriate action was to arrest and restrain ... Garcia.

Viewing the evidence in the light most favorable to Garcia, whether Garcia exhibited hostile behavior when approached by Officer Devora is a material fact issue which precludes a summary judgment premised on good faith. Accordingly, the trial court's denial of the summary judgment motion was proper.

## CONCLUSION

We overrule the City's and Devora's sole point of error and affirm the trial court's judgment.