**Jose Armando SAENZ,
et al., Appellants,**

v.

**Brooks County Deputy Sheriff Beto
GONZALEZ, Appellee.**

No. 04–01–00804–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 9, 2002.

Rehearing Overruled Nov. 18, 2002.

**660**

D.G. Gagnon, J.B. Peacock, Jr., Gagnon & Peacock, Dallas, for appellants.

Phillip A. McKinney, McKinney & Rodriquez–Barrera P.C., Corpus Christi, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, SANDEE BRYAN MARION, Justice.

Opinion by: PHIL HARDBERGER, Chief Justice.

This official immunity case raises the issue of whether an officer was acting in good faith when his fellow officer testified that he refused to stop and investigate a known drunk driver because the driver would smell up his new squad car if he arrested him. Shortly thereafter, the drunk driver was involved in a car wreck that killed two people and seriously injured three more.

The sole issue presented in this appeal is whether the summary judgment evidence conclusively established that Brooks County Deputy Sheriff Beto Gonzalez ("Gonzalez") acted in good faith in failing to stop a driver for further investigation. We conclude that good faith was not conclusively established. We reverse the trial court's summary judgment and remand the cause for further proceedings consistent with this opinion.

## BACKGROUND

The underlying lawsuit is a wrongful death action arising from an automobile accident in which a truck driven by an intoxicated driver, Jose Hilario Zuniga ("Zuniga"), collided head-on with another automobile, killing two adults and seriously injuring three minor children. The appellants' claim against Gonzalez is based on Gonzalez's failure to stop Zuniga immediately prior to the collision.

There are two versions of what happened that night. They differ markedly. One version is that of the officer riding with Gonzalez, Antonio Martinez. The other version is that given by Gonzalez himself. The versions are as follows.

### Reserve Officer Martinez

Martinez, a reserve officer, was riding on patrol with Gonzalez on the night of the accident. Martinez was driving. Martinez testified that the patrol vehicle being used that night was new and that Gonzalez was meticulous about keeping the vehicle clean. As the patrol vehicle was approaching the intersection of County Road 210 and 285 East at 11:00 p.m., Martinez observed a vehicle in front of him that he did not recognize. Martinez asked Gonzalez, "who is that," and Gonzalez answered, "that's the Mudito, Zuniga." The officers were behind Zuniga's truck for 15 minutes, and Martinez believed something was wrong because the truck had not moved. Zuniga's truck was protruding onto the shoulder of the highway. Martinez testified that Gonzalez told him, "don't worry about it. You know, he's always drunk and I always stop the guy. So just leave him alone." Martinez requested permission to

investigate the situation, telling Gonzalez, "if he's drunk he shouldn't be driving;" however, Gonzalez told him, "I'm telling you don't do anything to him because I don't want him to dirty my car or smell my car up or throw, you know, throw up in my car." In Spanish, Gonzalez also told Martinez that Zuniga could "go and kill himself." Because Gonzalez was the senior officer and Martinez had been instructed to listen to his senior officer, Martinez did not investigate.

Martinez also saw another vehicle approaching from the opposite direction across East 285. After Martinez had been behind Zuniga's truck for approximately five minutes, Martinez saw that the other vehicle's lights were being flashed at Zuniga's truck. The driver of Zuniga's truck then made a right turn, without signaling. The turn caught Martinez's attention because it was a wide right turn, which indicated to Martinez that the driver was under the influence of alcohol in view of the length of time that the truck had remained stationary. Martinez stated it was against the law to remain stationary on the main traveled portion of the roadway. After the other vehicle crossed the road, Martinez looked in his rear-view mirror and stated that it appeared that the occupants of the two vehicles were talking.

Shortly thereafter, the officers received a dispatch regarding a major accident. Martinez told Gonzalez that Zuniga likely caused the accident and that Gonzalez should have let Martinez do his job. Gonzalez told Martinez not to say anything if Zuniga was involved in the accident. As the officers approached the accident scene, Martinez recognized Zuniga's truck. Martinez told Gonzalez that he should have let him do his job, and Gonzalez responded, "You better not say anything because remember they told you for you to listen to me."

## Deputy Sheriff Gonzalez

Gonzalez stated in his affidavit that on the night in question, he was on patrol with a reserve deputy, who was driving the patrol vehicle. The officers were traveling north on County Road 210 approaching a stop sign. Gonzalez saw Zuniga's truck stopped at the stop sign. Gonzalez did not know who was driving Zuniga's truck. Gonzalez noticed a person in another vehicle on the cross-road, who appeared to be communicating with the person in Zuniga's truck by flashing his headlights. The person driving Zuniga's truck turned on his right turn signal and proceeded to turn right onto the shoulder of East 285. The other vehicle pulled up beside Zuniga's truck on the shoulder. Gonzalez stated that the area where Zuniga's truck was pulled off to the side was frequently used as a short cut, and Gonzalez believed the person driving Zuniga's truck would be using the short cut through the field. Gonzalez stated that he did not observe any traffic violations by the person driving Zuniga's truck, and that if the reserve deputy had observed any such violations, he had the ability to stop the truck. Gonzalez concluded:

I had no reason to believe, based on my observations, that the individual driving Mr. Zuniga's truck was intoxicated or under the influence of alcohol. I could not lawfully stop Mr. Zuniga's truck simply because Mr. Zuniga had a history or reputation for consuming alcohol. If I had reason to believe that the individual driving Mr. Zuniga's truck was intoxicated, it would have been my lawful duty, as well as my practice and policy and the practice and policy of my employer, the Brooks County Sheriff's Office, to stop the vehicle, determine whether or not the driver was intoxicated and, if so, either arrest the driver or take him home.

## Summary Judgment Motion

Gonzalez moved for summary judgment on the basis of official immunity. In support of his motion for summary judgment, Gonzalez submitted his affidavit stating that based on his observations, he did not have probable cause to stop Zuniga's truck. Gonzalez also submitted the affidavit of Adam Munoz, Jr., who had been a certified and commissioned peace officer since 1971. Munoz stated that he had reviewed both Martinez's and Gonzalez's deposition transcripts and the plaintiffs' third amended petition. Munoz further stated:

> An integral part of a patrol officer's duties is his ability to use his judgment and exercise discretion in determining whether to make a traffic stop and how to respond to observations. It is neither feasible nor reasonable to expect that an officer will be able to, nor is he required to, stop every vehicle he sees violating a provision of the Transportation Code. Upon observing a traffic violation, the officer must exercise his discretion regarding whether the traffic violation creates a danger to the driver of a vehicle or to the public. Additionally, the officer has to take into consideration what other activity is occurring that requires his attention. The judgment that one officer makes regarding the necessity to stop of [sic] vehicle may differ from the judgment of another officer. Reasonable officers can differ in how to handle particular situations.

After reviewing the testimony of Martinez and Gonzalez, Munoz stated that "there was nothing about either officers' observations that mandated them to pull Mr. Zuniga over. A reasonable officer could have determined, based on those observations, that Mr. Zuniga was not posing a danger to himself or to others. A traffic stop should be made on an officer's obser-

vations as opposed to the history or reputation of the drivers." Munoz concluded that Gonzalez acted reasonably, and "a reasonably prudent officer faced with the same or similar circumstances could have believed Gonzalez's actions were justified."

Finally, Gonzalez submitted the affidavit of Lamar Villarreal, who had been a certified peace officer for 12 years. Villarreal stated that he had reviewed Gonzalez's affidavit and concluded that based on the events described in the affidavit, Gonzalez "did not have probable cause to stop the driver of Mr. Zuniga's truck."

The trial court granted summary judgment in favor of Gonzalez, and the plaintiffs timely appealed.

### STANDARD OF REVIEW

In order to be entitled to summary judgment, Gonzalez had the burden to conclusively establish each element of his defense and to prove that there was no genuine issue of material fact. *See American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). In reviewing a summary judgment, evidence favorable to the nonmovant is taken as true, every reasonable inference is indulged in favor of the nonmovant and any doubts are resolved in favor of the nonmovant. *Id.*

### DISCUSSION

■■■ Official immunity is an affirmative defense requiring Gonzalez to prove that he was performing a discretionary duty, in good faith, within the scope of his authority. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994). The parties agree that Gonzalez was performing a discretionary duty within the scope of his authority. Our discussion, therefore, is limited to whether Gonzalez conclusively established that he acted in good faith.

In order to establish good faith as a matter of law, Gonzalez was required to show that a reasonably prudent officer, under the same or similar circumstances, could have believed that his conduct was justified based on the information he possessed when the conduct occurred. *Telthorster v. Tennell*, 92 S.W.3d 457, 465 (Tex.2002). Gonzalez was not required to prove that it would have been unreasonable not to engage in the conduct, or that all reasonably prudent officers would have engaged in the same conduct. *Id.* Gonzalez was required to prove only that a reasonably prudent officer, under similar circumstances, might have reached the same decision. *Id.* If Gonzalez met that burden, in order to controvert, the appellants were required to do more than show that a reasonably prudent officer could have reached a different decision. *Id.* The appellants were required to prove that no reasonable officer in Gonzalez's position could have believed that the facts were such that they justified his conduct. *Id.* If officers of reasonable competence could disagree on the issue, the officer will be said to have acted in good faith as a matter of law. *Id.*

In this case, the events surrounding Gonzalez's decision not to stop Zuniga's truck are in dispute. Where the underlying facts are in dispute, this court has held that we need not even consider whether the defendant's expert affidavit conclusively establishes good faith because the disputed fact issue precludes summary judgment. *City of San Antonio v. Garcia*, 974 S.W.2d 756, 758 (Tex.App.-San Antonio 1998, no pet.); *Martinez v. Mikel*, 960 S.W.2d 158, 160 (Tex.App.-San Antonio 1997, no pet.). Even if evidence is presented regarding a disagreement among experts on the issue of good faith, we have held that an underlying factual dispute will defeat summary judgment. *Mikel*, 960 S.W.2d at 160. Other courts have reached

a similar result. *See, e.g., City of San Augustine v. Parrish*, 10 S.W.3d 734, 742 (Tex.App.-Tyler 1999, pet. dism'd w.o.j.); *Roberts v. Foose*, 7 S.W.3d 311, 315 (Tex. App.-Houston [1st Dist.] 1999, no pet.); *Victory v. Bills*, 897 S.W.2d 506, 509 (Tex. App.-El Paso 1995, no writ); *City of Dallas v. Aguirre*, 977 S.W.2d 862, 864 (Tex. App.-Dallas 1998, no pet.).

Although these cases establish a general rule regarding underlying factual disputes, our prior holdings are distinguishable from the facts in this case. In *Garcia* and in *Mikel*, this court noted that the testimony of the defendant's expert was premised on the defendant's version of the events and did not take into account the contrary version. *See Garcia*, 974 S.W.2d at 758–59; *Mikel*, 960 S.W.2d at 160. In this case, the testimony by Gonzalez and Villarreal was based only on Gonzalez's version of the events; therefore, that testimony is not sufficient to meet Gonzalez's burden for the reasons stated in *Garcia* and *Mikel*. However, Munoz stated in his affidavit that Gonzalez acted reasonably under either version of events. Therefore, we must consider whether Munoz's affidavit is sufficient to conclusively establish good faith.

Although Munoz's affidavit addresses both versions of the events, the conflicts between Munoz's affidavit and his deposition testimony preclude summary judgment. In *Cantu v. Peacher*, this court held:

[A] court must examine the nature and extent of the differences in the facts asserted in the deposition and affidavit. If the differences fall into the category of variations on a theme, consistent in the major allegations but with some variances of detail, this is grounds for impeachment, and not a vitiation of the later filed document. If, on the other

hand, the subsequent affidavit clearly contradicts the witness's earlier testimony involving the suit's material points, without explanation, the affidavit must be disregarded.

53 S.W.3d 5, 10–11 (Tex.App.-San Antonio 2001, pet. denied). Gonzalez contends in his response to the appellants' reply brief that the appellants waived any argument with regard to the conflict. However, our record reflects that the supplemental response noting the conflicting testimony was timely filed, and since Gonzalez had the burden to prove his entitlement to summary judgment as a matter of law, the issue regarding the conflicting testimony is properly before us.

In his affidavit, Munoz states that a reasonable officer could have determined, based on either officers' observations, that Mr. Zuniga was not posing a danger to himself or others and that Gonzalez acted reasonably in determining that it was not necessary to stop Zuniga. In his deposition, Munoz stated that Martinez would have had probable cause to stop a vehicle if it remained stationary for several minutes at a stop sign and was protruding onto the shoulder of the highway or if it remained stationary for several minutes at a stop sign and then made a very slow right turn without signaling. Munoz further stated that if Gonzalez and Martinez were behind that vehicle and Gonzales ordered Martinez not to investigate because "Zuniga is the driver. He's always drunk. And I don't want drunks smelling up my vehicle. He can go kill himself.", the order would be recklessly indifferent to the safety of other drivers. Munoz's testimony that Gonzalez's order would be recklessly indifferent to the safety of other drivers under the facts established by Martinez's testimony is inconsistent with the conclusion in his affidavit that Gonzalez acted reasonably, and this inconsistency precludes summary judgment based on Munoz's affidavit. *See Cantu,* 53 S.W.3d at 10–11.

We note that this case raises an interesting issue that we are not required to decide in reaching our holding. Can summary judgment be granted where an expert testifies that an officer acted in good faith under two versions of the facts that are drastically different and entirely inconsistent? The primary issue is whether the affidavit in such a case can meet the requirements that the affidavit be "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex.R. Civ. P. 166a(c). Because the resolution of this issue is not necessary to the disposition of this appeal, we do not address the issue.

### Conclusion

The trial court's judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.