Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-09-00817-CV

Darrinton Dante **DANIELS**,
Appellant

v.

Dennis **KELLEY** and William Sutton,
Appellees

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-17255
Honorable Karen H. Pozza, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  July 28, 2010

REVERSED AND REMANDED

Appellant Darrinton Dante Daniels appeals the trial court's order granting summary judgment in favor of appellees Officer William Sutton and Officer Dennis Kelley. On appeal, Daniels contends the trial court erred in granting summary judgment in favor of Sutton and Kelley on his claims for malicious prosecution, intentional infliction of emotional distress, and negligence. We reverse the trial court's judgment and remand for further proceedings consistent with our opinion.

**BACKGROUND**

This case arises from events that occurred in the parking lot of Regal Cinemas Live Oak 18 movie theatre ("Live Oak Cinema").  The following facts are undisputed:

- Daniels owned a white Cadillac, California license plate number 5TVD281, which he drove to the Live Oak Cinema on the date of the incident in question.

- Daniels was accompanied by an unknown female named "Kelly" as he drove through the parking lot of the Live Oak Cinema.

- While driving the white Cadillac, Daniels pulled alongside a black Cadillac.

- Daniels exited the cinema parking lot.

- Sutton, an officer with the Schertz Police Department, and Kelley, an officer with the Alamo Heights Police Department were licensed peace officers in the State of Texas.  Both officers were working off-duty as security guards for Live Oak Cinema on the night of the incident.

- Sutton and Kelley wrote reports for the Live Oak Police Department regarding the incident.

- Daniels was arrested and charged with assault on a public servant and evading arrest.

- Daniels was acquitted by a jury of assault on a public servant, and the Bexar County District Attorney dismissed the charge of evading arrest for lack of evidence.

Beyond these facts, the parties provide different versions of the events leading up to Daniels's arrest and prosecution.  No independent witnesses corroborated either version.  Sutton and Kelley stated in their depositions that they saw Daniels driving his white Cadillac erratically in the cinema parking lot.  According to the officers, they approached the white Cadillac when it temporarily stopped in the fire lane near the theatre.  It appeared to the officers that Daniels was conversing with the driver of a black Cadillac, which had stopped in the opposite, adjacent lane.  As Sutton and Kelley walked toward the white Cadillac, two couples told them the white Cadillac almost struck them as it drove through the theatre parking lot.  Kelley motioned for the black Cadillac to move on, which it did.  Sutton approached the passenger-side window of the

white Cadillac and attempted to identify the driver. Inside the passenger compartment, Sutton saw an unknown female passenger, two tall-boy beers, and smelled alcohol on Daniels's breath. Sutton testified that at this point he consciously assumed the powers of an on-duty police officer. The officers stated that after refusing to provide identification, Daniels cursed and suddenly accelerated, causing the vehicle to pull away. According to Sutton, his left hand became entangled where the seat belt is secured to the door frame, and he was dragged forty to fifty feet through the parking lot. Sutton stated that after he broke free of the moving vehicle, the right rear tire ran over his left foot. Kelley said he ran behind the white Cadillac and copied down the license plate number.

In contrast, in Daniels's deposition, he denied driving erratically through the parking lot or ever communicating with Sutton and Kelley. Daniels claimed he was driving slowly through the fire lane when the driver of a black Cadillac, approaching from the opposite direction, used aggressive gestures and speech towards Daniels and his female companion. Daniels testified he felt uncomfortable, so he left the parking lot at a reasonable speed. Daniels denied having alcohol in his vehicle as well as ever seeing Sutton and Kelley, much less cursing at or dragging Sutton.

After the alleged encounter, Sutton provided an incident report to the Live Oak Cinema. He also provided a handwritten witness statement to the Live Oak Police Department, and later identified Daniels from a photo array. Kelley prepared an "affidavit of fact" at the Alamo Heights Police Department, describing the events for the Live Oak Police Department. Daniels was subsequently arrested and charged with aggravated assault of a police officer and evading arrest. A jury acquitted Daniels of aggravated assault of a police officer. The Bexar County

District Attorney's Office later filed a motion to dismiss the evading arrest charge, citing insufficient evidence. Daniels was unable to post bail during this time and spent 573 days in jail.

Daniels brought suit against Regal Cinemas, Sutton, and Kelley, alleging malicious prosecution, intentional infliction of emotional distress, and negligence. Sutton and Kelley filed traditional motions for summary judgment, which the trial court granted. *See* TEX. R. CIV. P. 166a(c). The trial court also granted a severance as to the claims asserted against Sutton and Kelley, rendering the summary judgment final and appealable.

In their motions for summary judgment, the officers asserted official immunity as to all of Daniels's claims. They also claimed they were entitled to judgment as a matter of law as to the malicious prosecution claim, asserting there were no fact issues as to several elements of that claim. Finally, they contended Daniels's intentional infliction of emotional distress claim was nothing more than a recasted version of malicious prosecution claim, and is not permitted under Texas law. After the trial court granted the motions for summary judgment and severed his claims against the officers, Daniels perfected this appeal.

### ISSUES ON APPEAL

Daniels claims a genuine issue of material fact exists as to whether Sutton and Kelley ever became on-duty police officers during the events in question, or acted in good faith, thereby challenging their entitlement to the affirmative defense of official immunity. Daniels also contends that genuine issues of material fact exist regarding his causes of action for malicious prosecution, intentional infliction of emotional distress, and negligence.

## STANDARD OF REVIEW

We review a trial court's ruling on a traditional motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In reviewing the traditional motion for summary judgment, we must indulge every reasonable inference in favor of the nonmovant, take all evidence favorable to the nonmovant as true, and resolve any doubts in favor of the nonmovant. *Id.* In the event the summary judgment does not specify the grounds upon which it was granted, we must affirm the judgment so long as any one of the theories advanced in the motion is meritorious. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004).

A trial court may properly grant a traditional motion for summary judgment if the movant establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). Once a movant has carried its burden, the burden shifts to the nonmovant to raise a material fact issue precluding summary judgment. *Va. Indonesia Co. v. Harris County Appraisal Dist.*, 910 S.W.2d 905, 907 (Tex. 1995). A defendant is entitled to summary judgment if the evidence disproves, as a matter of law, at least one element of plaintiff's cause of action. *Lear v. Siegler*, 819 S.W.2d 470, 471 (Tex. 1991). To obtain summary judgment on the affirmative defense of official immunity, a governmental employee must conclusively prove each element of the defense. *Univ. of Houston v. Clark*, 38 S.W.3d 578, 580 (Tex. 2000).

## OFFICIAL IMMUNITY

Sutton and Kelley contended in their motions for summary judgment that they are entitled to judgment as a matter of law based on official immunity. More specifically, they asserted official immunity entitled them to judgment because at the time of the alleged incident

they were police officers, acting in good faith, and performing discretionary duties in the course and scope of their authority. A governmental employee is entitled to official immunity for (1) the performance of discretionary duties (2) that are within the scope of the employee's authority (3) provided that the employee acts in good faith. *Telthorster v. Tennell*, 92 S.W.3d 457, 461 (Tex. 2002). To obtain summary judgment on the affirmative defense of official immunity, Sutton and Kelley must conclusively prove each element of the defense. *See Univ. of Houston*, 38 S.W.3d at 580.

Official immunity is an affirmative defense that shields governmental employees from personal liability so that they may vigorously perform their official duties. *Telthorster*, 92 S.W.3d at 461-62. Even if Sutton and Kelley established they were performing discretionary duties as police officers in the course and scope of their employment, they would still not be entitled to judgment as a matter of law based on official immunity unless they proved they were acting in good faith. To establish the element of good faith as a matter of law, Sutton and Kelley had to prove that reasonably prudent officers, under the same or similar circumstances, could have believed their actions were justified. *See City of Lancaster v. Chambers*, 883 S.W.2d 650, 656 (Tex. 1994). This test for good faith in the context of official immunity cases is one of objective legal reasonableness, without regard to whether the government official involved acted with subjective good faith. *Id.*; *Vela v. Rocha*, 52 S.W.3d 398, 404 (Tex. App.—Corpus Christi 2001, no pet.).

Good faith may be established by a governmental employee's own testimony. *Vela*, 52 S.W.3d at 405. And here, Kelley testified that based on his seven-years experience as a training instructor for the City of Alamo Heights Police Department, his actions and the actions of Sutton were reasonable and within the acceptable standard of care for peace officers in Texas.

However, Kelley's opinion as to whether he and Sutton acted in good faith with regard to the incident upon which this case is based was based on his subjective view of the facts. These facts were disputed by summary judgment evidence produced by Daniels. In a case discussing whether an officer established good faith as a matter of law, this court has held that where the underlying facts are in dispute, we need not even consider whether the officer's evidence conclusively established good faith because the disputed fact issues preclude summary judgment. *Saenz v. Gonzalez*, 94 S.W.3d 659, 663 (Tex. App.—San Antonio 2002, pet denied) (citing *City of San Antonio v. Garcia*, 975 S.W.2d 756, 758 (Tex. App.—San Antonio 1998, no pet.); *Martinez v. Mikel*, 960 S.W.2d 158, 160 (Tex. App.—San Antonio 1997, no pet.)). Given that the underlying facts in this case are disputed, we hold Sutton and Kelley failed to establish the element of good faith as a matter of law, and they were therefore not entitled to summary judgment based on the affirmative defense of official immunity. *See Sci. Spectrum, Inc.*, 941 S.W.2d at 911.

## MALICIOUS PROSECUTION

Sutton and Kelley also contended no genuine issue of material fact existed concerning several elements of Daniels's malicious prosecution claim, and they were therefore entitled to judgment as a matter of law on that claim. A plaintiff in a malicious prosecution case must establish (1) the commencement of a criminal prosecution against the plaintiff; (2) causation (initiation or procurement) of action by the defendant; (3) termination of the prosecution in the plaintiff's favor; (4) plaintiff's innocence; (5) the absence of probable cause for the proceedings; (6) malice in filing the charge; and (7) damage to the plaintiff. *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997). In their motions, Sutton and Kelley claimed there was no genuine issue of material fact with regard to Daniel's innocence, the absence of probable cause,

and malice. Sutton and Kelley also challenged the procurement of criminal prosecution against Daniels by insisting that his indictment by a Bexar County Grand Jury "broke the chain of causation."

### a. Causation

A person procures a criminal prosecution if his actions were enough to cause the prosecution, and but for his actions the prosecution would not have occurred. *Browning-Ferris Industries, Inc. v. Leick*, 881 S.W.2d 288, 293 (Tex. 1994); *King v. Graham*, 126 S.W.3d 75, 77 (Tex. 2003). A criminal prosecution may be procured by more than one person. *Id*. The plaintiff has the burden of proving that the decision would not have been made but for the false information supplied by the defendant. *Id*. In *Browning-Ferris Indus., Inc.* the supreme court held:

> A person does not procure a criminal prosecution when the decision whether to prosecute is left to the discretion of another, including a law enforcement official or the grand jury, unless the person provides information which he knows is false.

881 S.W. at 299. Sutton and Kelley contend a Bexar County Grand Jury's indictment of Daniels interrupted the causation necessary to establish they procured a criminal prosecution. However, as previously noted, Daniels provided summary judgment evidence that he never even encountered Sutton or Kelley. This evidence creates a fact issue as to whether Sutton and Kelley provided false information to the Live Oak Police Department and the Bexar County District Attorney's Office, which resulted in the prosecution of Daniels. The Texas Supreme Court recently revisited the exception acknowledged in *Browning-Ferris Indus.*, stating that "a person who provides false information cannot complain if a prosecutor acts on it; he cannot be heard to contend that the prosecutor should have known better." *King*, 126 S.W.3d at 78. Accordingly, Sutton and Kelley failed to negate the causation element of Daniel's malicious prosecution

claim, and therefore, they were not entitled to summary judgment. *See Sci. Spectrum, Inc.*, 941 S.W. at 911; *Va. Indonesia Co.*, 910 S.W.2d at 907.

### b. *Innocence*

In response to Sutton's and Kelley's motion for summary judgment, Daniels presented summary judgment evidence showing he was acquitted by a jury on the charge of assault on a public servant, and the remaining charge against him, evading arrest, was dismissed on the State's motion based on insufficient evidence. This evidence was undisputed. Moreover, Daniels presented evidence that he never engaged in any criminal act or suspicious activity. We hold this evidence is sufficient to raise a fact issue on the innocence element of the malicious prosecution, precluding summary judgment on this ground. *See Va. Indonesia Co.*, 910 S.W.2d at 907; *cf. Delese v. Albertson's Inc*., 83 S.W.3d 827, 831-32 (Tex. App.—Texarkana 2002, no pet.) (holding that in malicious prosecution action, guilty plea precluded relitigation of innocence element).

### c. *Probable Cause*

"The probable-cause determination asks whether a reasonable person would believe that a crime had been committed given the facts as the complainant honestly and reasonably believed them to be before the criminal proceedings were instituted." *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997); *see Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 792-93 (Tex. 2006). Malicious prosecution actions involve a delicate balance between society's interest that crimes be reported and the individual's interest in recovering from unjustified criminal prosecution. *Richey*, 952 S.W.2d at 517. Accordingly, there is an initial presumption in malicious prosecution cases that the defendant had probable cause to initiate proceedings. *Id*. A plaintiff must then produce evidence that the motives, grounds, beliefs and other evidence upon

which the defendant acted did not constitute probable cause. *Id*. at 518. When the facts underlying the defendant's decision to prosecute are disputed, the trier of fact must weigh evidence and resolve conflicts to determine if probable cause exists, as a mixed question of law and fact. *Id*. In a motion for summary judgment, the issue for the court is whether the undisputed facts underlying the decision to prosecute establish probable cause as a matter of law. *Summerville v. Allied Barton Sec. Servs.*, 248 S.W.3d 333, 338 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Here, Daniels has at least raised a fact issue as to whether Sutton and Kelley had probable cause to initiate criminal proceedings against him for assault on a public servant and evading arrest. As previously noted, Daniels produced evidence that he never drove erratically, never had beer in his vehicle, never cursed at Sutton, and never dragged Sutton through the parking lot. In his deposition, Daniels denied any encounter with the officers, thereby creating a fact issue on probable cause. *See Va. Indonesia Co.*, 910 S.W.2d at 907.

This case is distinguishable from other summary judgment cases where the undisputed facts established as a matter of law that the defendant had probable cause before initiating criminal prosecution against the plaintiff. *See Summerville*, 248 S.W.3d at 339 (plaintiff never disputed entering area of mall without effective consent, which established probable cause for criminal trespass); *Ogg v. Dillard's Inc*., 239 S.W.3d 409, 419 (Tex. App.—Dallas 2007, pet. denied) (plaintiff never denied Dillard's had reasonable suspicion to investigate her for credit card fraud, insisting instead that Dillard's security guard served in private capacity only); *Gunnels v. City of Brownfield*, 153 S.W.3d 452, 459 (Tex. App.—Amarillo 2003, pet. denied) (plaintiff who posted flyers in violation of handbill ordinance never denied her actions constituted probable cause); *Richey*, 952 S.W.2d at 518-19 (jury verdict in favor of plaintiff

overturned because plaintiff never denied walking out of grocery store without paying for cigarettes in his pocket which created probable cause for store to believe he was shoplifting). Here, Daniels provided summary judgment evidence challenging all the facts that would establish probable cause for a prosecution based on the offenses of assault on a public servant and evading arrest, precluding summary judgment on this ground. *See Sci. Spectrum, Inc.*, 941 S.W. at 911; *Va. Indonesia Co.*, 910 S.W.2d at 907.

### d. Malice

Malice is defined as ill will, evil motive, gross indifference, or reckless disregard of the rights of others. *Thrift v. Hubbard*, 974 S.W.2d 70, 80 (Tex. App.—San Antonio 1998, pet. denied). Malice may be established by direct or circumstantial evidence and may be inferred from lack of probable cause. *Id.* Although probable cause cannot be inferred from proof of malice, malice may be inferred from a lack of probable cause. *Gunnels*, 153 S.W.3d at 458. Daniels produced some evidence about whether Sutton and Kelley lied about the facts that might have created probable cause to believe Daniels assaulted a public servant and evaded arrest. In the absence of any criminal act by Daniels, Sutton and Kelley's decision to report Daniels to the authorities could have been based on ill will, evil motives, gross indifference, or made in reckless disregard of Daniels's rights. Daniels also provided expert testimony in an attempt to show Sutton could never have been dragged as he described, and therefore he must have fabricated the event. Accordingly, Sutton and Kelley were not entitled to summary judgment on the ground there was no evidence of malice. *See Sci. Spectrum, Inc.*, 941 S.W. at 911; *Va. Indonesia Co.*, 910 S.W.2d at 907.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Sutton and Kelley assert Daniels's claim for intentional infliction of emotional distress is nothing more than a revamped claim for malicious prosecution. Sutton and Kelley quote the supreme court in describing the tort of intentional infliction of emotional distress as a "gap filler tort" available when "the victim has no other recognized theory of redress." *Hoffman-LeRoche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). Accordingly, the officers claim that because Daniels has other recognizable causes of action, he may not bring a claim for intentional infliction for emotional distress as a matter of law. We disagree. The supreme court recently held that knowingly providing false information to police so that an innocent person is prosecuted is extreme and outrageous behavior that will support a claim for intentional infliction of emotional distress. *Suberu*, 216 S.W.3d at 796. In fact, that is exactly what the *Suberu* plaintiff did—brought a suit for malicious prosecution and intentional infliction of emotional distress. *See id*. at 791-97. Sutton and Kelley have not cited any authority suggesting that by bringing a malicious prosecution claim a plaintiff is precluded as a matter of law from bringing an intentional infliction of emotional distress claim, and *Suberu* belies such a contention. Therefore, Sutton and Kelley were not entitled to summary judgment as to Daniels' claim for intentional infliction of emotional distress. *See id.*

### NEGLIGENCE

Sutton and Kelley contended they were entitled to judgment as a matter of law on Daniels's negligence claim based on the affirmative defense of official immunity. As previously stated, issues of fact preclude Sutton and Kelley from obtaining judgment as a matter of law on the defense of official immunity because only on-duty police officers performing official duties are entitled to official immunity, and Daniels presented summary judgment evidence that he

never acted in such a way so as to permit the officers to step into the role of a governmental employee. *See Telthorster*, 92 S.W.3d at 461-62; *see also Va. Indonesia Co.*, 910 S.W.2d at 907. We therefore hold the trial court erred in granting summary judgment in favor of Sutton and Kelley as to Daniels's negligence claim. *See Sci. Spectrum, Inc.*, 941 S.W. at 911; *Va. Indonesia Co.*, 910 S.W.2d at 907.

## CONCLUSION

Having determined Sutton and Kelley were not entitled to summary judgment based on the affirmative defense of official immunity, that genuine issues of material fact exist concerning Daniels's claim for malicious prosecution, and Daniels was entitled to assert an intentional infliction of emotion distress claim, we hold the trial court erred in granting Sutton's and Kelley's motions for summary judgment. We reverse the trial court's judgment and remand this matter for further proceedings consistent with this court's opinion.

Marialyn Barnard, Justice