**Affirmed and Memorandum Opinion filed March 28, 2024.**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-23-00241-CV

**REBECA GARCIA, Appellant**

**V.**

**THE CITY OF AUSTIN, Appellee**

**On Appeal from the 345th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-22-001902**

## MEMORANDUM OPINION

An individual was shot and killed by an Austin police officer while the police officer was exercising his official duties. The individual's girlfriend, appellant Rebeca Garcia, sued the City of Austin, alleging negligent infliction of emotional distress. The City responded by filing a plea to the jurisdiction, asserting immunity from suit. The trial court granted the plea and dismissed Garcia's suit. In two issues on appeal, Garcia asserts the trial court erred in granting the plea. Reviewing the jurisdictional allegations, taking them as true, and construing them in favor of

Garcia, we conclude that Garcia's petition does not present a claim for which immunity is waived and affirm the trial court's order granting the City's plea to the jurisdiction.

## BACKGROUND

According to Garcia's pleadings, Garcia and Mike Ramos were sitting in a car in the parking lot of an apartment complex. A citizen called 911 and reported that a man and woman were sitting in a gold and black Toyota Prius using drugs. The citizen reported that the man had a gun. City of Austin police officers responded, saw the Toyota Prius backed into a parking spot, and commanded both people to show their hands and get out of the car. When Ramos was out of the car officers instructed him to lift his shirt and turn in a circle. Ramos initially complied but became non-compliant and verbally confrontational. Ramos walked back toward the car, refusing verbal commands to step away from the driver's door of the car. Believing there was a gun in the car, officers shot a "less-lethal munition," which struck Ramos on the left side, but did not stop him from getting back in the car. When Ramos began to drive away, an Austin police officer shot and killed him. Garcia, who was in the car, jumped out of the car as Ramos drove away.

Garcia received no physical injuries but subsequently sued the City for negligent infliction of emotional distress. Garcia alleged that her "sensory and contemporaneous observation of the incident resulted in sever[e] shock, direct emotional impact, and extreme emotional distress."

The City filed a plea to the jurisdiction in which it alleged that Garcia failed to plead a waiver of the City's governmental immunity. The City asserted that the gravamen of Garcia's complaint was that the police officer wrongfully shot Ramos while she was in the vicinity. Because Garcia's claim of negligent infliction of emotional distress was based on the commission of an intentional tort, the City

2

asserted that Garcia's claim was barred by governmental immunity.[1] Garcia responded, alleging that her claim sounded in negligence and because she was not required to prove intent, immunity did not bar her claim. After a non-evidentiary hearing, the trial court granted the City's plea. This appeal followed.

## ANALYSIS[2]

In two issues Garcia asserts (1) the trial court erred in granting the City's plea to the jurisdiction; and (2) the City did not meet its burden to establish governmental immunity.

## I. Standard of review and applicable law

Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *City of Houston v. Williams*, 353 S.W.3d 128, 133–34 (Tex. 2011). When considering a plea to the jurisdiction, our analysis begins with the live pleadings. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). We first determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Tex. Dep't. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In doing so, we construe the pleadings liberally in favor of the plaintiff, and unless challenged with evidence, we accept all allegations as true. *Id.* at 226–27. The plea must be granted if the plaintiff's pleadings affirmatively negate the existence of jurisdiction or if the defendant presents undisputed evidence that

---

[1] The City also asserted that Garcia failed to give notice under section 101.101 of the Tort Claims Act, but on appeal has conceded actual notice.

[2] The Texas Supreme Court ordered the Third Court of Appeals to transfer this case to our court. *See* Tex. Gov't Code § 73.001. Under the Rules of Appellate Procedure, "the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court." Tex. R. App. P. 41.3. We are unaware of any conflict between the Third Court of Appeals precedent and that of this court on any relevant issue.

negates the existence of the court's jurisdiction. *Heckman*, 369 S.W.3d at 150.

## II.     The trial court did not err in granting the City's plea to the jurisdiction.

In Garcia's first issue she asserts the trial court erred in granting the City's plea to the jurisdiction. The City asserted the trial court lacked jurisdiction based on application of the doctrine of governmental immunity. Governmental immunity from suit defeats a trial court's subject matter jurisdiction and is therefore properly asserted in a plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 225–26. Absent a waiver of governmental immunity, a political subdivision of the state, such as the City, may not be sued. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).

Tort claims against a governmental entity are governed by the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code § 101.106; *see also Miranda*, 133 S.W.3d at 224–25 (holding that the governmental entity was immune from suit for a tort unless it was expressly waived by the Texas Tort Claims Act). As pertinent to this case, the Texas Tort Claims Act waives governmental immunity from suits arising from injuries caused by a condition or use of tangible personal property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. Tex. Civ. Prac. & Rem. Code § 101.021; *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001). The Texas Tort Claims Act waives governmental immunity for certain negligent conduct, but it does not waive immunity for claims arising out of intentional torts. Tex. Civ. Prac. & Rem. Code § 101.057; *see also City of Watauga v. Gordon*, 434 S.W.3d 586, 594 (Tex. 2014). Intentional conduct, no matter how it is pleaded, falls under the Texas Tort Claims Act's governmental immunity waiver exception. *Petta*, 44 S.W.3d at 580.

The City asserted that while Garcia's pleading alleged a claim for negligent infliction of emotional distress, the facts alleged in her pleading alleged intentional

conduct of the police officer. The specific conduct—shooting Ramos—was clearly intentional. In the trial court and in Garcia's opening brief on appeal, she asserts that the police officer did not assert that his decision to use deadly force was intentional. Garcia relies on a motion to dismiss filed by the officer in federal court in response to a suit filed in the United States District Court for the Western District of Texas. The police officer averred in his motion that he had less than a "split second" to "make the incalculably difficult decision to utilize deadly force." The document to which Garcia referred was a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6). It does not contain factual allegations about the officer's mental state at the time he shot Ramos. The speed at which the officer made the decision to use deadly force is not evidence that the officer's act of shooting was not intentional. The officer's affidavit in federal court is not evidence that the shooting constituted negligence.

In Garcia's reply brief she asserts that Texas courts have held police officers and cities liable for negligent infliction of emotional distress and have held that immunity does not protect them from liability. The cases Garcia cites are distinguishable from this case in that in those cases the issue was whether an officer had official immunity, not whether a city had governmental immunity. *See Martinez v. Mikel*, 960 S.W.2d 158, 160 (Tex. App.—San Antonio 1997, no pet.) (reviewing whether officer acted in good faith in using force); *Antu v. Eddy*, 914 S.W.2d 166, 170 (Tex. App.—San Antonio 1995, no writ) (same).

Governmental immunity and official immunity are different. Official immunity protects individual officials; governmental immunity protects governmental entities. *DeWitt v. Harris Cnty.*, 904 S.W.2d 650, 653 (Tex. 1995). Whether the Texas Tort Claims Act waives governmental immunity in a given case does not affect whether the governmental employee may assert official immunity as

5

a defense. *Id*.

We conclude the allegations in this case fit squarely within the Texas Tort Claims Act's exclusion of claims arising out of assault, battery, or any other intentional tort. *See* Tex. Civ. Prac. & Rem. Code § 101.057. We therefore overrule Garcia's first issue.

## II. The City was not required to present evidence of jurisdictional facts.

In Garcia's second issue she asserts the City was required to produce evidence to challenge the jurisdictional facts. Garcia preserved this issue by asserting her claim in response to the City's plea to the jurisdiction. When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Miranda*, 133 S.W.3d at 226. However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Id*.

In this case, Garcia's pleadings negate jurisdiction because her allegations fit squarely within the Texas Tort Claims Act's exclusion of claims resulting from intentional torts. The City did not challenge the existence of jurisdictional facts because it alleged Garcia's pleadings affirmatively negated jurisdiction. We therefore overrule Garcia's second issue.

## CONCLUSION

Having overruled Garcia's issues on appeal we affirm the trial court's final judgment dismissing the case for lack of subject-matter jurisdiction.


/s/     Jerry Zimmerer
        Justice


Panel consists of Justices Bourliot, Zimmerer, and Spain.